William Robert CASEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 1087–95.

Court of Criminal Appeals of Texas,
En Banc.

June 12, 1996.

Scott A. Young, Austin, for appellant.

Giselle Horton, Asst. County Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

This case concerns a defendant's competency during sentencing in a probation revocation proceeding. Specifically, does a defendant's presentation of evidence of incompetency constitute a hearing on competency when the trial court expressly refuses to hold a hearing on that issue? Also, the broader issue before us is whether a defendant must be competent to be sentenced at the time his probation is revoked.

On March 8, 1993, Appellant pled nolo contendere to misdemeanor theft. The trial court found him guilty and assessed punishment at confinement for 180 days, probated for one year. In March, 1994, the trial court revoked the probation and sentenced Appellant to confinement for ninety days. The Court of Appeals affirmed the conviction. *Casey v. State,* No. 03–94–00245–CR (Tex. App.—Austin, delivered August 16, 1995). We granted Appellant's petition to review the Court of Appeals' determination that Appellant was given a competency hearing in accord with Article 46.02, § 2(b), V.A.C.C.P.,

despite the trial court's express refusal to hold that hearing. We also granted review to decide if the Court of Appeals' evaluation of that hearing was proper and to consider whether Article 42.07(2), V.A.C.C.P., applies in this case.[1]

The trial court held a hearing on the State's motion to revoke Appellant's probation. As the judge was explaining his decision to revoke, Appellant collapsed and was taken to the hospital. In March, about one month later, Appellant requested a hearing to make a record on his "present situation." At the hearing Dr. William Tullis, the psychiatrist treating Appellant, testified that Appellant was experiencing psychogenic amnesia and had no independent memory of events from the past twenty-five years. Tullis stated that a person with psychogenic amnesia usually regains memory within a matter of days, but Appellant's case was unusual because he had not recovered his memory. Tullis admitted that he had discussed Appellant's competency to stand trial with Appellant's attorney, but stated that he had not been asked to evaluate Appellant's competency for the hearing.

During the hearing Appellant's attorney repeatedly stated that the purpose of the hearing was not to consider competency. But at the conclusion of Tullis' testimony he stated that the issue of Appellant's present competency was raised, and he requested a hearing in accord with Article 46.02, § 2(b), V.A.C.C.P.[2] The trial judge refused to hold a competency hearing because he did not think competency was relevant at this stage of the proceedings since "[t]he trial in every sense had been concluded." The judge revoked Appellant's probation and sentenced him to confinement for ninety days.

## I. SECTION 2(b) HEARING

The Court of Appeals agreed with Appellant that the evidence presented at the March hearing was sufficient to require a hearing under Art. 46.02, § 2(b). *Casey v. State,* slip op. at 7. The Court noted that competency can be raised at any stage of trial and that under *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977), due process considerations require a trial court to evaluate claims of amnesia on a case-by-case basis. *Id.* Since amnesia may or may not render a defendant incompetent, the trial court should have held a § 2(b) hearing. However, the Court of Appeals then decided that the March hearing was a § 2(b) hearing despite the trial court's refusal to consider the issue of competency. *Casey,* slip op. at 7. We disagree.

Article 46.02, § 1, sets out the standard for determining whether a defendant is incompetent to stand trial, stating:

(a) A person is incompetent to stand trial if he does not have:

(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or

(2) a rational as well as factual understanding of the proceedings against him.

(b) A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

Section 2 then describes the process to follow when the issue of incompetency is raised. Section 2(b) specifies that during the trial if evidence from any source raises the issue of the defendant's incompetency the trial court must hold a hearing.

1. Appellant's grounds for review that were granted state:

(1) The Court of Appeals erred in concluding that Petitioner had received the hearing required by § 2(b), Article 46.02, Code of Criminal Procedure, when the trial court expressly declined to conduct such a hearing.

(2) The Court of Appeals erred in evaluating the "fairness" of the hearing Petitioner received in light of factors developed to assess the sufficiency of the evidence in support of a jury's determination of competency.

(3) The Court of Appeals erred by failing to address the impact and effect of Article 42.07(2), Code of Criminal Procedure, in the context of a probation revocation hearing.

2. (b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

In this case the trial court expressly refused to hold a hearing on the issue of competency, despite Appellant's evidence of amnesia.[3] Therefore, even if the March hearing could have been considered a § 2(b) hearing, see *Mata v. State*, 632 S.W.2d 355 (Tex.Cr. App.1982), the trial court never evaluated the evidence to determine if it supported a finding of incompetency to stand trial.

▆▆▆▆ The Court of Appeals incorrectly found that Appellant received a § 2(b) hearing when the trial court refused to hold a hearing or consider the evidence for competency purposes. Raising the issue is not equivalent to receiving a § 2(b) hearing when the trial court refuses to consider the evidence for that purpose. The Court of Appeals erred by essentially conducting a *de novo* review similar to a § 2(b) hearing. The statute requires the trial court to do so. In this case the appellate court's role is to review the trial court's decision that the evidence did not raise the issue for submission, not to conduct a "hearing" on the basis of a cold record. Thus, the Court of Appeals erred in finding that Appellant received a § 2(b) hearing.

## II.  COMPETENCY AT SENTENCING

▆▆▆ Before we can decide the proper disposition of this case, we must address the broader issue presented by Appellant in his petition and by the Court of Appeals' analysis of the hearing, which indicated that Appellant's competency at the time of sentencing was not relevant. The Court of Appeals examined the hearing using factors directed at only one part of the revocation proceeding—the evidentiary portion pertaining to violations of the terms and conditions of probation.[4] The court did not discuss the evidence as it concerned incompetency at the time of sentencing. Further, the court did not discuss how the record showed that *at sentencing* Appellant had (1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him. Thus, implicitly the Court of Appeals decided that sentencing was not part of "trial" under Art. 46.02, § 2(b). The court essentially agreed with the trial court that competency at sentencing was irrelevant. Apparently, the Court of Appeals considered Appellant's claim as one raising the issue of whether he *had been* competent at the evidentiary portion of the revocation proceeding.

Appellant argues that Art. 42.07(2) prevents pronouncement of sentence if a defendant is incompetent at the time of sentencing. Art. 42.07 states in part:

> Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:
> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Article 46.02 of this code.

▆▆▆ The Court of Appeals referenced Art. 42.07(2), but then indicated by its analysis that the language concerning "incompetency to stand trial" meant the court did not con-

---

3. The Court of Appeals' determination that evidence of Appellant's amnesia was sufficient to invoke § 2(b) is not before us. Thus, we assume the evidence was sufficient to entitle Appellant to a 2(b) hearing.

4. The Court of Appeals evaluated the hearing to determine if it was "fair." The proper standard of review of a § 2(b) hearing is to review the trial court's decision that the evidence did not raise the issue for submission by viewing the evidence "in the light most favorable to the party with the burden of securing the finding, *disregarding contrary evidence and inferences.*" *Barber v. State*, 737 S.W.2d 824, 828 (Tex.Cr.App.1987)(quoting from *Sisco v. State*, 599 S.W.2d 607, 612

(Tex.Cr.App.1980)(emphasis in *Barber*). The Court of Appeals stated that the hearing was a "fair" § 2(b) hearing

> [b]ecause [A]ppellant's alleged amnesia attack occurred after [A]ppellant testified on his own behalf, after [A]ppellant had an opportunity to establish an alibi, and after defense counsel had argued mistaken identity, there was no need to reconstruct evidence. Indeed, the witnesses had testified and every piece of evidence had been introduced, leaving only the oral pronouncement of sentence to complete the hearing on [A]ppellant's probation status.

*Casey v. State*, slip op. at 7–8.

sider sentencing to be part of "trial." For the following reasons we agree with Appellant that sentencing is part of trial and competency considerations apply.

First, the language of Art. 42.07(2) is phrased in the present tense—"That the defendant *is* incompetent to stand trial" (emphasis added)—indicating competency at the time of sentencing can be raised at sentencing. Second, the Code of Criminal Procedure and the Rules of Appellate Procedure support the view that sentencing is the final act of a trial. Sentencing closes the door on the trial because it is the final action at the trial stage without which punishment cannot be carried out and appeal cannot be taken. There is no judgment of conviction until a defendant has been sentenced since a judgment, by definition, includes the sentence. See Articles 42.01 and 42.02, V.A.C.C.P. The defendant does not begin serving his punishment until he has been sentenced. Art. 42.02. Generally the appeal process cannot begin until a defendant is sentenced because time limits for appeal, for the most part, are calculated from the date of sentence. See Tex.R.App.Pro. 31, 34, 41(b). It follows, therefore, that at the sentencing stage of trial substantial rights of a defendant can be affected. Thus, a defendant is entitled to be represented by counsel at sentencing. *See Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Perez v. State,* 578 S.W.2d 753 (Tex.Cr.App.1979); *Ex parte Rains,* 555 S.W.2d 478 (Tex.Cr.App.1977); *Ex parte Vestal,* 468 S.W.2d 372 (Tex.Cr.App.1971). Important decisions concerning appeal must be made soon after sentencing; therefore, a defendant must have a rational and factual understanding that the trial is concluded, that he is being sentenced, and that appeal considerations must be undertaken.

These statutes and rules demonstrate that sentencing marks the final act of the trial stage, after which punishment may begin and the proceedings can move into the appellate process. Therefore, Art. 42.07(2), which states that a reason to prevent sentence is "[t]hat the defendant is incompetent to stand trial," includes competency at the time of sentencing because sentencing is "during trial" for purposes of Articles 42.07(2) and 42.06.

Further, competency as defined under Art. 46.02, § 1 requires that a defendant have a rational and factual understanding of the proceedings, not just an ability to consult with a lawyer. A defendant who is incompetent at sentencing might not comprehend the reason for the sentence. As Appellant pointed out in the Court of Appeals, sentencing an incompetent defendant conflicts with specified objectives of the Penal Code such as insuring the public safety by "the deterrent influence" of the sentence, by the rehabilitation of the convicted person, and by the prevention of recurrence of the criminal behavior. See V.T.C.A. Penal Code, § 1.02.

In sum, based on our statutes and rules we conclude that a defendant must be competent to be sentenced. In the instant case, Appellant was not given a § 2(b) competency hearing to which he was entitled. Therefore, the judgment of the Court of Appeals is vacated. This case is remanded to that court which shall abate the appeal and remand the case to the trial court to determine Appellant's competency at the time of sentencing.

## CONCURRING OPINION OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Justice, concurring.

The majority concludes that a defendant may raise the issue of competency to stand trial at any time before sentence is pronounced.[1] I agree, and since appellant asked for a competency determination before sentence was pronounced, the trial court should have conducted a 2(b) hearing. I disagree, however, with the majority's characterization of the Court of Appeals' analysis of the issue.

The majority believes that the Court of Appeals considered appellant's claim as raising the issue of whether he *had been* competent at the evidentiary portion of the revoca-

---

1. Art. 42.07(2), which lists incompetence to stand trial as a reason to prevent sentence, seems to apply to probation revocation proceedings even though in such cases sentence has actually been pronounced at a previous hearing. Art. 42.12 § 21(b) requires a defendant who wishes to waive a hearing on revocation of probation to affirm that "he has nothing to say as to why sentence should not be pronounced against him."

tion hearing, rather than whether he was competent at the time of sentencing. Maj. op. at 948. The majority also concludes that the Court of Appeals did not consider sentencing to be part of "trial." I perceive the Court of Appeals' analysis differently.

The Court of Appeals determined that since amnesia can result in incompetence to stand trial, appellant was entitled to have the trial court consider whether appellant's particular amnesia resulted in his incompetence to stand trial. The Court then, itself, considered whether appellant's amnesia was of a nature that would have required the trial court to empanel a jury for a § 4 hearing. The Court considered the appropriate factors in making the determination, i.e., those in *Jackson v. State*, 548 S.W.2d 685 (Tex.Crim. App.1977). Those factors primarily concern evidentiary matters, simply because those are the matters most relevant to determining whether a defendant who has amnesia has (1) a sufficient present ability to consult with this lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him.

Thus, I conclude that the Court of Appeals did understand that the issue to be determined was appellant's competency at the time of sentencing, and that sentencing is a part of trial requiring competency of a defendant.

The trial court's statements regarding whether competency was appropriate may have been a determination that appellant was not entitled to a § 4 hearing because the evidence of amnesia, even if believed, would not support a finding that he lacked present ability to consult with a lawyer and a rational and factual understanding of the proceedings. But the trial court could simply have meant that the defendant need not be competent at sentencing.

Like the majority, then, I would remand this cause to the Court of Appeals, for that Court to abate the appeal and remand the cause to the trial court. At that point the trial court should, without further evidence or hearing, in light of the factors in *Jackson v. State*, determine whether there is evidence to support a finding of incompetency to stand trial and, if there is, empanel a jury for a § 4 hearing.

McCORMICK, P.J., and MANSFIELD, J., join.