TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON REMAND

NO. 03-94-00245-CR

William Casey, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY

NO. 381-192, HONORABLE DAVID E. PURYEAR, JUDGE PRESIDING

PER CURIAM

 This is an appeal from an order revoking probation. In a single point of error,
appellant contended the trial court erred by failing to conduct a competency hearing before
sentencing. Tex. Code Crim. Proc. Ann. art. 46.02, § 2(b) (West 1979). On original
submission, we overruled the point of error and affirmed the revocation order in an unpublished
opinion dated August 16, 1995. On petition for discretionary review, the Court of Criminal
Appeals determined that appellant had been unlawfully denied a section 2(b) hearing, vacated our
judgment of affirmance, and remanded the cause to us with the instruction to "abate the appeal
and remand the case to the trial court to determine Appellant's competency at the time of
sentencing." Casey v. State, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996). We complied with
this instruction in an unpublished order dated July 17, 1996.

 In our July 17 order, we directed that the record from the competency hearing be
forwarded to us no later than September 20, 1996. On August 21, 1996, we received a
supplemental statement of facts. It reflects that the ordered competency hearing was scheduled
for August 20, that appellant's counsel was present but appellant failed to appear, and that the
hearing ended without evidence being heard by the county court at law.

 Appellant received the relief to which he was held entitled by the Court of Criminal
Appeals. A section 2(b) hearing to retrospectively determine his competence at sentencing was
held. Appellant failed to appear at the hearing. Because no evidence of incompetence was
adduced at the section 2(b) hearing, a section 4(a) hearing before a jury was not required. Arnold
v. State, 873 S.W.2d 27, 35-36 (Tex. Crim. App. 1993); Tex. Code Crim. Proc. Ann. art. 46.02,
§ 4(a) (West Supp. 1996). The point of error is again overruled. (1)

 The order revoking probation is affirmed.

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 9, 1996

Do Not Publish

1.   Appellant's counsel declined the opportunity to file a supplemental brief.