TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00174-CR






Ambrose Williams, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 20,086-CR, HONORABLE CHARLES L. LANCE, JUDGE PRESIDING







 This case concerns whether the district court improperly denied Ambrose Williams
a jury trial on the question of his competence to participate in a hearing to revoke his probation. We
will abate the appeal and remand the cause for a jury to determine whether Williams was competent
to participate in the hearing on the motion to revoke his probation.


BACKGROUND


 Williams pleaded guilty on December 9, 1999 to attempted burglary of a habitation. 
The court sentenced him to eight years in prison, but suspended the sentence and placed him on
community supervision probation for ten years. Six days later, the State filed a motion to revoke the
probation, alleging that Williams resisted arrest in an unrelated incident on December 14.

 Williams requested appointment of a psychiatrist to examine him and help prepare
his defense. The court thereafter held a jury hearing on Williams's competence. The jury found him
incompetent to stand trial and he was committed to the state hospital. After Williams received
treatment and medication, the head of the state hospital deemed him competent to stand trial and sent
a report to that effect to the trial court. After Williams returned to Milam County, the district court
denied his request for another jury hearing on his competence. Instead, the court found him
competent based on the doctor's written information, revoked Williams's probation, and sentenced
him to eight years' imprisonment.


ANALYSIS


 Williams contends that the district court erred by denying his request for a jury to
determine his competence to stand trial. The code of criminal appeals sets out the procedure for
requesting a jury hearing on competency. See Tex. Code Crim. Proc. Ann. art. 46.02, § 5(i) (West
Supp. 2001).


 When the head of a facility to which the defendant is committed discharges the
defendant and the defendant is returned to court, a final report shall be filed with the
court documenting the applicable reason for the discharge under Subsection (f) of
this section, and the court shall furnish copies to the defense counsel and the
prosecuting attorney. . . . When the report is filed with the court, the court is
authorized to make a determination based solely on the report with regard to the
defendant's competency to stand trial, unless the prosecuting attorney or the defense
counsel objects in writing or in open court to the findings of the report within 15 days
from the time the report is served on the parties. In the event of objection, the issue
shall be set for a hearing before the court or, on motion by the defendant, the defense
counsel, the prosecuting attorney, or the court, the hearing shall be held before a
jury.


Id. (emphases added). This article applies to a hearing on a motion to revoke probation. See Casey
v. State, 924 S.W.2d 946, 948-49 (Tex. Crim. App. 1996). (1)

 The State does not dispute that Williams was entitled to obtain a jury trial or allege
that his request was untimely. Instead, the State contends that Williams failed to preserve his
complaint that he was denied a jury hearing by failing to object (1) to the specific findings of
competence made in the report by the head of the state hospital and dated February 24, 2000, and
(2) to the admission of the report into evidence at the hearing on the motion to revoke probation.

 We conclude that Williams did not waive his right to a jury hearing regarding his
competence to undergo a probation revocation. Before commencement of his revocation hearing,
appellant was furnished the doctor's letter. He promptly requested a jury trial to decide his
competence and reurged the request several times. Though he made no express objection to the
specific findings in the report or to the trial court's deciding the issue based solely on the report, his
request for a jury hearing regarding his competence is a clear, if implicit, objection to the
psychologist's findings and a motion for the matter to be decided by a jury; unless he disagreed with
the findings, he would have no need to request a jury. Nor did he waive his complaint by stipulating
to the authenticity of the competency report and to its introduction into evidence. First, he did not
stipulate to the authenticity and admission of the report until after the court denied his request for
a jury hearing on competency. More important, he did not stipulate to the correctness of the
competency determination, only to the authenticity of the report offered and to its admission. 
Williams's complaint is preserved.

 Williams informed the court that he objected to the doctor's competency finding by
requesting a jury determination on March 9, 2000, less than fifteen days after the February 24 date
on the report's cover letter. The code of criminal procedure left the district court no option but to
hold a hearing before a jury on the issue of Williams's competence. See Code art. 46.02 § 5(i);
Casey, 924 S.W.2d at 948-49. The court nevertheless declined to hold a competency hearing before
a jury and conducted the hearing on the motion to revoke Williams's probation without the necessary
jury finding that Williams was competent to participate therein. We sustain Williams's point of
error.


CONCLUSION


 By separate order, we will abate the appeal and remand the cause for the district court
to conduct a jury hearing to determine whether Williams was competent to participate in his
revocation hearing. Williams will cause a supplemental clerk's record and reporter's record relating
to the jury's competency finding to be filed with this Court's clerk. If the jury finds that he was not
competent, the revocation of his probation will be vacated and the cause returned to the trial court
for further action. If the jury finds that he was competent, the parties will be permitted to brief any
issues relating to the finding of competence.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Abated and Remanded

Filed: December 13, 2001

Do Not Publish 

1. Commentators have summarized the process as follows:


If the head of the facility determines that the defendant has attained competency, he
similarly is to notify the committing court and the defendant is to be returned to that
court. . . . Upon the defendant's return to the court, however it occurs, the court is to
determine the defendant's competency to stand trial at that time. This determination may
be made solely upon the report filed by the head of the facility in which the defendant
was institutionalized unless either the State or the defense objects. If objection is raised
to the determination being made on the basis of the report, the determination will be
made upon the basis of a hearing before the court. Jury trial must be held, however, if
a motion is made by defense counsel . . . .


42 George E. Dix and Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 26.94,
at 456-57 (2d ed. 2001) (footnotes omitted).