# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00174-CR

**Ambrose Williams, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. 20,086-CR, HONORABLE CHARLES L. LANCE, JUDGE PRESIDING**

---

This case concerns whether the district court improperly denied Ambrose Williams a jury trial on the question of his competence to participate in a hearing to revoke his probation. We will abate the appeal and remand the cause for a jury to determine whether Williams was competent to participate in the hearing on the motion to revoke his probation.

## BACKGROUND

Williams pleaded guilty on December 9, 1999 to attempted burglary of a habitation. The court sentenced him to eight years in prison, but suspended the sentence and placed him on community supervision probation for ten years. Six days later, the State filed a motion to revoke the probation, alleging that Williams resisted arrest in an unrelated incident on December 14.

Williams requested appointment of a psychiatrist to examine him and help prepare his defense. The court thereafter held a jury hearing on Williams's competence. The jury found him incompetent to stand trial and he was committed to the state hospital. After Williams received treatment and medication, the head of the state hospital deemed him competent to stand trial and sent a report to that effect to the trial court. After Williams returned to Milam County, the district court denied his request for another jury hearing on his competence. Instead, the court found him competent based on the doctor's written information, revoked Williams's probation, and sentenced him to eight years' imprisonment.

**ANALYSIS**

Williams contends that the district court erred by denying his request for a jury to determine his competence to stand trial. The code of criminal appeals sets out the procedure for requesting a jury hearing on competency. *See* Tex. Code Crim. Proc. Ann. art. 46.02, § 5(i) (West Supp. 2001).

> When the head of a facility to which the defendant is committed discharges the defendant and the defendant is returned to court, a final report shall be filed with the court documenting the applicable reason for the discharge under Subsection (f) of this section, and the court shall furnish copies to the defense counsel and the prosecuting attorney. . . . When the report is filed with the court, the court is authorized to make a determination based solely on the report with regard to the defendant's competency to stand trial, *unless* the prosecuting attorney or *the defense counsel objects* in writing or *in open court to the findings of the report within 15 days from the time the report is served on the parties. In the event of objection, the issue shall be set for a hearing before* the court or, *on motion by* the defendant, *the defense counsel*, the prosecuting attorney, or the court, *the hearing shall be held before a jury.*

2

*Id.* (emphases added). This article applies to a hearing on a motion to revoke probation. *See Casey v. State*, 924 S.W.2d 946, 948-49 (Tex. Crim. App. 1996).[1]

The State does not dispute that Williams was entitled to obtain a jury trial or allege that his request was untimely. Instead, the State contends that Williams failed to preserve his complaint that he was denied a jury hearing by failing to object (1) to the specific findings of competence made in the report by the head of the state hospital and dated February 24, 2000, and (2) to the admission of the report into evidence at the hearing on the motion to revoke probation.

We conclude that Williams did not waive his right to a jury hearing regarding his competence to undergo a probation revocation. Before commencement of his revocation hearing, appellant was furnished the doctor's letter. He promptly requested a jury trial to decide his competence and reurged the request several times. Though he made no express objection to the specific findings in the report or to the trial court's deciding the issue based solely on the report, his request for a jury hearing regarding his competence is a clear, if implicit, objection to the

---

[1] Commentators have summarized the process as follows:

> If the head of the facility determines that the defendant has attained competency, he similarly is to notify the committing court and the defendant is to be returned to that court. . . . Upon the defendant's return to the court, however it occurs, the court is to determine the defendant's competency to stand trial at that time. This determination may be made solely upon the report filed by the head of the facility in which the defendant was institutionalized unless either the State or the defense objects. If objection is raised to the determination being made on the basis of the report, the determination will be made upon the basis of a hearing before the court. Jury trial must be held, however, if a motion is made by defense counsel . . . .

42 George E. Dix and Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 26.94, at 456-57 (2d ed. 2001) (footnotes omitted).

psychologist's findings and a motion for the matter to be decided by a jury; unless he disagreed with the findings, he would have no need to request a jury. Nor did he waive his complaint by stipulating to the authenticity of the competency report and to its introduction into evidence. First, he did not stipulate to the authenticity and admission of the report until after the court denied his request for a jury hearing on competency. More important, he did not stipulate to the *correctness* of the competency determination, only to the authenticity of the report offered and to its admission. Williams's complaint is preserved.

Williams informed the court that he objected to the doctor's competency finding by requesting a jury determination on March 9, 2000, less than fifteen days after the February 24 date on the report's cover letter. The code of criminal procedure left the district court no option but to hold a hearing before a jury on the issue of Williams's competence. *See* Code art. 46.02 § 5(i); *Casey*, 924 S.W.2d at 948-49. The court nevertheless declined to hold a competency hearing before a jury and conducted the hearing on the motion to revoke Williams's probation without the necessary jury finding that Williams was competent to participate therein. We sustain Williams's point of error.

### CONCLUSION

By separate order, we will abate the appeal and remand the cause for the district court to conduct a jury hearing to determine whether Williams was competent to participate in his revocation hearing. Williams will cause a supplemental clerk's record and reporter's record relating to the jury's competency finding to be filed with this Court's clerk. If the jury finds that he was not competent, the revocation of his probation will be vacated and the cause returned to the trial court

4

for further action. If the jury finds that he was competent, the parties will be permitted to brief any issues relating to the finding of competence.

_

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Abated and Remanded

Filed: December 13, 2001

Do Not Publish

5