In the Matter of NS a Juvenile
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-319-CV

IN THE MATTER OF N.S., A JUVENILE

 

From the 19th District Court
McLennan County, Texas
Trial Court # 2000-047-J
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      I agree that the order transferring N.S. to prison should be affirmed. But, if we have to
spend 18 pages to address an issue not raised by the parties, we need to reexamine what it is
we are doing. This is such a case.
      Pursuant to a plea agreement, the juvenile court adjudicated N.S. delinquent for
committing capital murder, assessed a determinant sentence of 40 years, and committed N.S.
to the Texas Youth Commission with the possibility of a transfer to prison. Tex. Fam. Code
Ann. § 54.04(d)(3) (Vernon 2002). N.S. did not appeal his adjudication or disposition.
      After N.S. turned 16 years old, the Texas Youth Commission referred N.S. to the juvenile
court for transfer to prison. See Tex. Hum. Res. Code Ann. § 61.079 (Vernon 2001). A
release/transfer


 hearing before the juvenile court was scheduled within 60 days of the
Commission’s referral. See Tex. Fam. Code Ann. § 54.11 (Vernon 2002). At the hearing,
N.S.’s counsel informed the juvenile court that he had difficulty communicating with N.S. and
had “serious concerns” that N.S. was not able to assist him during the hearing. Counsel asked
the court to consider delaying the hearing and appointing a psychiatrist to determine if N.S.
was competent to proceed with the hearing. The juvenile court denied counsel’s request.
      The hearing continued, and the court ordered N.S. transferred to prison. Id. §
54.11(i)(2).
      While I agree that the juvenile court’s order should be affirmed, I disagree with the
analysis conducted by the majority.
Due Process Is Not The Issue
      The majority opinion spends a great deal of time discussing whether due process requires
N.S. to be competent before being subjected to a “transfer hearing.” This entire discussion is
unnecessary, and I express no opinion on the issue.
      Constitutional rights, including allegations of due process violations, can be waived by a
failure to present the argument to the trial court. See Whatley v. State, 946 S.W.2d 73, 75
(Tex. Crim. App. 1997); Cockrell v. State, 933 S.W.2d 73, 94-95 (Tex. Crim. App. 1996)
(Maloney, J., concurring); Ieppert v. State, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995). 
N. S. did not argue to the trial court that due process required that he be competent before
being subjected to a “transfer hearing.” He simply wanted a delay in the proceedings to have a
psychiatrist appointed to examine him. The majority’s due process discussion is not responsive
to any issue raised by N.S. and should not be addressed.
      Likewise, even constitutional issues must be adequately briefed. See Chuong Duong Tong
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). The only argument made by N.S. that
could remotely be considered an argument concerning due process came in a letter brief to the
court after oral argument. N.S. stated that a “transfer hearing” was “roughly equivalent” to
the punishment phase of a criminal trial and that the guarantee of the due process right to be
competent applied during a probation revocation hearing. There was no discussion as to why a
release/transfer hearing was equivalent to the punishment phase of a criminal trial. There was
also no connection made between a release/transfer hearing and a probation revocation
hearing. Thus, a due process argument was not properly briefed and should not be considered.
      With that said, I write to discuss the issue actually presented by the parties at trial and in
their briefs.
The Issue
      N.S. contends that the trial court erred in failing to continue his release/transfer hearing
and in failing to appoint a psychiatric expert to determine N.S.’s competency. N.S. relies
primarily on the provisions of Texas Family Code section 55.31 in support of his appeal. That
section provides in part:
A child...found to have engaged in delinquent conduct...who as a result of mental
illness or mental retardation lacks capacity to understand the proceedings in juvenile
court or to assist in the child’s own defense is unfit to proceed and shall not be
subjected to discretionary transfer to criminal court, adjudication, disposition, or
modification of disposition as long as such incapacity endures.

Tex. Fam. Code Ann. § 55.31(a) (Vernon 2002). This section further provides that on a
motion by a party, the juvenile court shall determine whether probable cause exists to believe
that the juvenile is unfit to proceed as a result of mental illness or mental retardation. Id. at
(b). If the court determines that there is probable cause to believe the juvenile is unfit to
proceed, the court shall temporarily stay the proceeding and order the juvenile to be examined
by a mental health agency or professional. Id. at (c); Tex. Fam. Code Ann. § 51.20 (Vernon
2002). It is this probable cause determination about which N.S. complains.
      Without argument to the juvenile court or citation of authority to this Court, N.S. takes the
position that the provisions of section 55.31 apply to a release/transfer hearing held under
section 54.11 of the Texas Family Code. In its response to N.S.’s issue, the State challenges
the applicability of section 55.31 to a release/transfer hearing. After argument, N.S. submitted
a letter brief in which he contended, in effect, that regardless of whether section 55.31 applied,
section 55.11 would apply to a release/transfer hearing. Section 55.11 pertains to juvenile
mental illness determinations and examinations. See Tex. Fam. Code Ann. § 55.11 (Vernon
2002).
      But sections 55.11 and 55.31 do not control this appeal. N.S.’s delinquent conduct
occurred in May of 1999. Sections 55.11 and 55.31 became effective on September 1, 1999
and apply “only to conduct that occurs on or after the effective date of this Act.” Act of May
27, 1999, 76th Leg., R.S., ch. 1477, §§ 39(a), 41, 1999 Tex. Gen. Laws 5067, 5090. 
Conduct violating a penal law of the State occurs on or after the effective date of these sections
if every element of the violation occurs on or after that date. Id. Conduct that occurs before
the effective date of these sections is covered by the law in effect at the time the conduct
occurred, and the former law is continued in effect for that purpose. Id. The statute in effect
at the time N.S.’s conduct occurred was former section 55.04. See Act of May 27, 1995, 74th
Leg., R.S., ch. 262, § 47, 1995 Tex. Gen. Laws 2517, 2545 (amended 1999) (hereinafter
referred to as “former section 55.04").



      At the release/transfer hearing and in their briefs, the parties argued whether there was
evidence of probable cause to determine that N.S. was unfit to proceed. Probable cause is only
relevant under the current provisions, not former section 55.04. Thus, the parties were
effectively relying on the application of the current provisions in their arguments to the
juvenile court regarding N.S.’s fitness to proceed and the trial court’s duty to have N.S.’s
fitness evaluated. The trial court cannot commit error for failing to follow section 55.31 or
section 55.11 when N.S.’s delinquent conduct was covered by former section 55.04. N.S.’s
issue should be overruled on this basis alone.
      Nevertheless, had N.S. made his argument pursuant to former section 55.04, the
disposition of this case would be the same. Importantly, subsection (a) of 55.04 is almost the
same as subsection (a) of 55.31. The only change was to make the language of section
55.04(a) gender neutral when it was recodified as section 55.31(a). Thus, the following
analysis would be applicable to either section.
      As noted earlier, if a juvenile is unfit to proceed in juvenile court, he shall not be
subjected to a discretionary transfer to criminal court, an adjudication, a disposition, or a
modification of a disposition. This language has remained the same. Neither section mentions
a release/transfer hearing. 
 

      The plain language of former section 55.04(a) explicitly mentions four proceedings that
occur at varying stages in the juvenile adjudication process. The titles of sections 54.02,
54.03, 54.04, and 54.05 of the Family Code correspond with those mentioned in section 55.31
and former section 55.04.
      Section 54.02, entitled "Waiver of Jurisdiction and Discretionary Transfer to Criminal
Court," is a pre-trial proceeding which allows the juvenile court to waive its jurisdiction over a
juvenile and transfer him to the appropriate district court for criminal proceedings. Tex. Fam.
Code Ann. § 54.02 (Vernon 2002). If a transfer occurs at this stage of the proceeding, the
juvenile is tried as an adult. Id. at (h). This hearing had already occurred and is not the
subject of this appeal.
      Section 54.03 provides for an "Adjudication Hearing," where it is determined whether the
juvenile engaged in delinquent conduct. Tex. Fam. Code Ann. § 54.03 (Vernon 2002). This
hearing is similar to the guilt/innocence phase of a criminal trial. And the State has the burden
of proving the juvenile engaged in delinquent conduct beyond a reasonable doubt. Id. at (f). 
This hearing had already occurred and is not the subject of this appeal.
      Section 54.04 addresses the "Disposition Hearing," which is similar to the punishment
phase of a criminal trial. Tex. Fam. Code Ann. § 54.04 (Vernon 2002); see In the Matter of
J.E.H., 972 S.W.2d 928, 930 (Tex. App.—Beaumont 1998, pet. denied). This phase includes
the option of the court or jury to sentence the juvenile to the Texas Youth Commission with a
possible transfer to the Texas Department of Criminal Justice for a specific term of years, not
to exceed 40 years. Tex. Fam. Code Ann. § 54.04(d)(3) (Vernon 2002). This hearing had
already occurred and is not the subject of this appeal.
      Section 54.05 allows for a "Hearing to Modify Disposition." Tex. Fam. Code Ann. §
54.05 (Vernon 2002). At this proceeding, a prior disposition can be modified. Id. But a prior
disposition involving a commitment to the Texas Youth Commission cannot be modified. Id. 
Because N.S. had been committed to the Texas Youth Commission, the provision for this type
hearing is not applicable to N.S. and is, therefore, not the subject of this appeal.
      A release/transfer hearing pursuant to section 54.11 is not related to a trial and sentence as
are the four enumerated sections discussed previously. Thus, the provisions of section 55.31
or of former section 55.04 do not apply to a release/transfer hearing. N.S. cannot use those
provisions to show himself entitled to a fitness hearing. Although the State did not advance
this argument before the juvenile court, it is well-settled that this Court can affirm a trial
court’s decision on a legal theory not presented to the trial court without violating “ordinary
notions of procedural default.” Hailey v. State, 87 S.W.3d 118, 121 (Tex. Crim. App. 2002).
      In passing, N.S. states in his brief, “...the fact that the matter at bar was a ‘transfer
hearing’ is of no concern; sentencing is part of the trial and competency considerations apply.” 
It is true that, statutorily, an adult defendant must be competent to be sentenced. Casey v.
State, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996). But N.S. offers no authority or
explanation as to why a release/transfer hearing would be considered a part of sentencing.
      A release/transfer hearing is not a part of sentencing. As the Corpus Christi Court has
noted, a juvenile is not tried again at the release/transfer hearing. In the Matter of D.S., 921
S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ dism’d w.o.j.). At a release/transfer
hearing, the juvenile has a second chance to persuade the court that he should not be
imprisoned; but this is after he has already been sentenced to a determinate number of years. 
Id. The juvenile court is simply determining which entity, Texas Youth Commission or
prison, is the most suitable place for the juvenile to continue to serve his sentence; the sentence
which was previously determined. See Tex. Fam. Code Ann. § 54.11(i) (Vernon 2002). The
San Antonio court echoes this characterization of a release/transfer hearing. In the Matter of
H.V.R., 974 S.W.2d 213, 216 (Tex. App.—San Antonio 1998, no writ); see also In the Matter
of J.A.H., No. 04-99-00560-CV, 2000 Tex. App. Lexis 6194, *8 (San Antonio September 13,
2000, no pet.)(not designated for publication). N.S. has provided this Court with no authority,
and I have found none, that persuades me that the release/transfer hearing is a part of the
sentencing procedure which would require the juvenile to be fit to proceed at that time.



      Therefore, under the plain language of the statute, former section 55.04 does not apply to
a release/transfer hearing. Because it does not apply to a release/transfer hearing, the trial
court did not err in failing to continue the hearing and appoint a psychiatric expert to determine
N.S.’s fitness to proceed with the release/transfer hearing. For this alternate reason N.S.’s
issue should be overruled as well.
Conclusion
      For the reasons discussed, I concur in only the result reached by the majority opinion.


                                                                   TOM GRAY
                                                                   Chief Justice

Concurring opinion delivered and filed February 11, 2004