IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00198-CR

No. 10-05-00199-CR

 

Vanessa Walker,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 77th District
Court

Limestone County, Texas

Trial Court Nos. 10392-A
and 10545-A

 



MEMORANDUM  Opinion



 

Vanessa Walker appeals from her plea of
true to a motion to adjudicate on her deferred adjudication community
supervision for attempted aggravated assault (10-05-00198-CR) and from her
guilty plea to aggravated assault (10-05-00199-CR).  In her plea bargain on
both convictions, she agreed to three-year prison sentences, to be served concurrently. 
The trial court certified that Walker could appeal her competency to stand
trial. 

In each case, Walker filed a “motion
suggesting incompetency and request for examination,” asserting that her
competency to stand trial was in issue.  In Cause No. 10545-A (the subsequent
aggravated assault charge that also was the basis for the motion to adjudicate
in the earlier cause), she asserted insanity as a defense and filed a “motion
for examination regarding insanity.”  The trial court entered an order for
examination regarding sanity in Cause No. 10545-A and an order for examination
regarding incompetency in Cause No. 10392-A, ordering that Walker be examined
by Stephen L. Mark, M.D., a psychiatrist.  Walker did not object to Dr. Mark’s
appointment.

Dr. Mark twice examined Walker.  In his competency examination, he found that she did not need psychiatric
hospitalization, that she was on and should remain on medication, and that she
was not mentally retarded.  He noted that she had a long history of paranoid
schizophrenia, being on medication, and having many hospitalizations.  He wrote
two reports from his competency examination; in one he concluded that she was
competent to stand trial and that her competency would continue if she remained
on medication.  In the report after his second examination, Dr. Mark concluded
that Walker was legally sane at the time of the alleged offense.

Walker then filed a motion for
independent psychological evaluation in Cause 10392-A, asserting that, despite
Dr. Mark’s evaluations, an independent psychological evaluation was warranted
because neither she nor her attorney was sufficiently knowledgeable in
psychology to assess her psychological condition.  She also requested an
examination by a psychiatrist or an expert of her own choice.  See Tex. Code Crim. Proc. Ann. art.
46B.021(f) (Vernon Supp. 2005).  With her motion, Walker did not provide any
lay or expert evidence that Dr. Mark’s reports were inadequate in any respect,
nor did she provide any new or additional information.  See, e.g., id.
art. 46B.004(a) (“A motion suggesting that the defendant may be incompetent to
stand trial may be supported by affidavits setting out the facts on which the
suggestion is made.”).  The record does not reflect a hearing or a ruling on
this motion.

Walker’s issue in each appeal complains
of the trial court’s failure or refusal to grant the motion for independent
psychological evaluation, and in Cause No. 10-05-00199-CR, she additionally
alleges that the trial court erred in not holding a hearing on her competency
and sanity.  We will affirm.

We review a trial court’s failure to
conduct a competency inquiry or hearing under an abuse of discretion standard. 
 Moore v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999).

The gist of each appeal is that Walker was not competent to enter into the plea agreements.  A defendant must be
competent at the time of her sentencing.  Id. art. 42.07(2) (Vernon Supp. 2005); Casey v. State, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996).  A
person is incompetent to stand trial if she does not have (1) sufficient
present ability to consult with her lawyer with a reasonable degree of rational
understanding; or (2) a rational as well as a factual understanding of the
proceedings against her.  Tex. Code
Crim. Proc. Ann. art. 46B.003(a) (Vernon Supp. 2005).  A defendant is
presumed competent to stand trial and shall be found competent to stand trial
unless proved incompetent by a preponderance of the evidence.  Id. art. 46B.003(b).

The statutory scheme provides that, on
the suggestion that the defendant is incompetent to stand trial, “the court
shall determine by informal inquiry whether there is some evidence from any
source that would support a finding that the defendant may be incompetent to
stand trial.”  Id. art. 46B.004(c).  “If after an informal inquiry the
court determines that evidence exists to support a finding of incompetency, the
court shall order an examination under Subchapter B to determine whether the
defendant is incompetent to stand trial in a criminal case.”  Id. art.
46B.005(a).  Subchapter B provides for the qualifications and appointment of a
disinterested psychiatrist or psychologist to examine the defendant.  Id. arts. 46B.021-.022.  In these two cases, Walker filed a motion suggesting
incompetency, and the trial court properly performed its function by having her
examined by Dr. Mark, who found Walker competent to stand trial.

The court must then determine whether
there is “some evidence” to support a finding of incompetency, and, if the
court so finds, it must then commence a hearing before a jury.  McDaniel v.
State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003); see also Tex. Code Crim. Proc. Ann. arts. 46B.005(b),
46B.051.  Evidence is usually sufficient to create a bona-fide doubt on the
defendant’s competency if it shows recent, severe mental illness, at least
moderate retardation, or truly bizarre acts by the defendant.  McDaniel,
98 S.W.3d at 710.  But prior hospitalization and treatment for mental illness
do not per se warrant the trial court’s holding of a competency hearing.  Moore, 999 S.W.2d at 395.

In these cases, all that happened after
Dr. Mark’s reports on the competency issue was Walker’s filing of her motion
for an independent psychological evaluation, which did not request a competency
hearing nor provide information that warranted a competency hearing.  At the
subsequent plea hearing, neither Walker nor her trial counsel raised the issue
of competency.  And on appeal, other than quibbling with Dr. Mark’s reports, Walker does not point to different or additional information or evidence, other than her
mental illness history.  Based on the record before us, we conclude that the
trial court did not abuse its discretion in failing to grant Walker’s motion
for an independent psychological evaluation or to hold a competency hearing.

We overrule the sole issue in each
appeal and affirm the trial court’s judgment in each appeal.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 17, 2006

Do
not publish

[CR25]