

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00403-CR
### NO. 02-13-00404-CR
### NO. 02-13-00405-CR

JOSHUA CLAXTON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Joshua Claxton appeals from his two convictions for aggravated sexual assault of a child and one conviction for indecency with a child by contact. We affirm.

---

[1]See Tex. R. App. P. 47.4.

# I. BACKGROUND

Appellant was charged with various sexual-assault, indecency, and delivery-of-a-controlled-substance offenses involving three children, A.D., K.D., and E.R. On May 25 and August 14, 2012, Appellant was declared incompetent to stand trial by agreement and was committed to a mental-health facility until he could attain competency to stand trial. *See* Tex. Code Crim. Proc. Ann. arts. 46B.005(c), 46B.054 (West 2006), art. 46B.073 (West Supp. 2013).

In February 2013, a facility psychologist submitted a report to the trial court concluding that, although Appellant was bipolar and had borderline intellectual functioning, he was competent to stand trial because he had the capacity to (1) rationally understand the charges and potential consequences of the pending charges against him; (2) disclose to counsel pertinent facts, pertinent events, and his state of mind; (3) engage in a reasoned choice of legal strategies and options; (4) understand the adversarial nature of criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify:

> [Appellant's] current mental status indicates that he has adequate memory, attention, and communication skills to assist his attorney in preparing his defense. He demonstrates the ability to disclose relevant details and discuss what preceded and followed his arrest, thus suggesting that he has the ability to do the same with his attorney in preparation for court. Although he is able to communicate effectively, it is recommended that court personnel accommodate any limitations . . . . Likewise, he appears to be capable of testifying relevantly, if he chooses to take the stand. He has an appreciation of his charge[s] and understands basic legal strategies and options, as well as an awareness of the consequences and penalties, if convicted. He demonstrates both factual and rational understanding of court proceedings, the

2

functions of court personnel, as well as clear appreciation of the adversarial nature of criminal proceedings. Furthermore, [Appellant] demonstrates the ability to conform his behavior to what is acceptable decorum in the court. In sum, he meets each of the criteria for competency to stand trial.

*See id.* art. 46B.024(1) (West Supp. 2013). The trial court determined that Appellant was competent to stand trial on March 5, 2013. *See id.* art. 46B.0755 (West Supp. 2013).

On April 17, 2013, pursuant to a plea-bargain agreement, Appellant waived his right to a jury, stipulated to the evidence against him, and pleaded guilty to one count of aggravated sexual assault of A.D., one count of aggravated sexual assault of K.D., and one count of indecency with a child as to E.R. *See id.* art. 1.13 (West Supp. 2013), art. 1.15 (West 2005), art. 26.14 (West 2009). The State waived all other counts alleged in the indictments, but a sentence recommendation was not a part of the plea-bargain agreement. After a presentence-investigation report (the report) was prepared, the trial court held a punishment hearing on August 6, 2013. *See id.* arts. 37.07(d), 42.12, § 9 (West Supp. 2013).

The report revealed that Appellant previously had been hospitalized between November 2000 and January 2005 for juvenile sex offenses against two other children. The report also detailed Appellant's mental-health status and behavioral issues occurring between July 2000 and November 2011. The report noted that after Appellant was examined in November 2011, the examining psychologist stated that Appellant "might be restored to competency at some

3

point . . . [but] his intellectual functioning will undoubtedly continue to be problematic toward participation in his defense." Appellant was not interviewed for the report so no facts regarding Appellant's mental state after the November 2011 examination were included. Appellant's stepfather testified at the punishment hearing that Appellant required medication and that allowing Appellant to have contact with children was "just like giving cocaine to a cocaine addict." Appellant did not testify at the punishment hearing.

The trial court sentenced Appellant to forty years' confinement for each aggravated-sexual-assault-of-a-child conviction and twenty years' confinement for the indecency-with-a-child-by-contact conviction, all to be served concurrently. The trial court certified that Appellant had the right to appeal from his guilty pleas, and Appellant filed notices of appeal. *See* Tex. R. App. P. 25.2.

## II. DISCUSSION

### A. LAW REGARDING INFORMAL COMPETENCY INQUIRY AND STANDARD OF REVIEW

Appellant argues in one point that the trial court erred by failing to inquire into his competency sua sponte before or during the punishment hearing because the court "received indication of . . . Appellant's incompetence to stand trial." Indeed, a defendant must be mentally competent to be sentenced. Tex. Code Crim. Proc. Ann. art. 42.07(2) (West 2006); *Casey v. State*, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996). If a "suggestion" that a defendant is incompetent "comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial" and "shall

4

determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." Tex. Code Crim. Proc. Ann. art. 46B.004(b)–(c) (West Supp. 2013). Article 46B.004(c–1) governs when an informal competency inquiry is required:

> A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003.

*Id.* art. 46B.004(c–1); *see also Turner v. State*, No. AP-76580, 2013 WL 5808250, at *11 & n.32 (Tex. Crim. App. Oct. 30, 2013) (recognizing article 46B.004(c–1), effective September 1, 2011, abrogated requirement that trial court needed bona-fide doubt as to defendant's competency before conducting informal inquiry). Although a defendant is presumed competent to stand trial, he is incompetent if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003 (West 2006).

We review a trial court's decision regarding an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008), *cert.*

5

*denied*, 558 U.S. 833 (2009). Thus, our inquiry is whether the trial court abused its discretion by failing to conduct an informal competency inquiry in light of the evidence introduced at punishment. *See Gray v. State*, 257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref'd).

## B. APPLICATION

Here, the evidence Appellant relies on to suggest Appellant was incompetent—the report—merely recounted Appellant's past behaviors and mental state occurring as much as fifteen months before the trial court declared Appellant competent. Further, Appellant's stepfather testified at the punishment hearing that Appellant should be considered for a community-supervision sentence because Appellant does not believe that he needs to be hospitalized and he "minds" his stepfather "as long as he's on his medication."

At the time of the punishment hearing, the February 2013 competency evaluation clearly indicated that Appellant had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and had a rational as well as factual understanding of the proceedings against him; thus, he was presumed competent. *See* Tex. Code Crim. Proc. Ann. art. 46B.003. Appellant's stepfather's testimony that Appellant could serve a community-supervision sentence and that he did not need to be hospitalized did not suggest that Appellant's circumstances had materially changed since the February 2013 competency evaluation. Nothing in the record before the trial court at the punishment hearing suggested that Appellant's mental status had materially

6

changed in the five months after its prior competency determination such that a sua sponte, informal competency hearing was required. *See Turner*, 2013 WL 5808250, at \*11 ("Should the formal competency trial result in a finding of competency, the trial court is not obliged to revisit the issue later absent a material change of circumstances suggesting that the defendant's mental status has deteriorated."). We conclude that the facts before the trial court at the sentencing hearing did not suggest that Appellant's competency had materially changed after the trial court's prior order determining Appellant to be competent. Therefore, the trial court did not abuse its discretion by not conducting an informal competency inquiry under article 46B.004(c). We overrule Appellant's point.

## III.  CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's judgment.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 13, 2014

7