**Salvador Torres RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–09–00625–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 9, 2010.

Mary Peter Cudd, Angleton, for appellant.

Jeri Yenne, Trey David Picard, Angleton, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and SULLIVAN.

## OPINION

LESLIE B. YATES, Justice.

A jury convicted appellant Salvador Torres Rodriguez of murder and assessed punishment at 50 years' imprisonment. Appellant challenges his conviction in four issues, arguing that the trial court erred by failing to conduct a sua sponte informal inquiry into his competency, denying his motion for new trial based on incompetency, denying his request for a competency examination prior to the hearing on his motion for new trial, and denying his motion for new trial based on ineffective assistance of counsel. We affirm.

### BACKGROUND

On the night of the murder, appellant was beaten up by a group of men in the trailer park where he worked as a maintenance man and groundskeeper. Appellant then drove his truck into the crowd of men who attacked him, killing one. Despite the defense's argument that appellant was acting in self defense, the jury found him guilty of murder. At sentencing, appellant's daughter explained that appellant had epilepsy. After appellant was sentenced, his appellate counsel filed several motions in the trial court. First, appellate counsel asked the court to appoint an ex-

pert to evaluate appellant because appellate counsel believed appellant to be incompetent. Appellate counsel also filed a motion for new trial, alleging that appellant had been incompetent to stand trial and that he received ineffective assistance of counsel. According to appellant's brief, the court held a hearing on the motion to appoint an expert, but this hearing was not transcribed and does not appear in the record. The court subsequently denied the request to appoint an expert, held a hearing on the motion for new trial, and denied the motion for new trial. The only witnesses to testify at the hearing were appellant's trial counsel and appellant's daughter. This appeal followed.

## ANALYSIS

### A. Competency Inquiries

Appellant argues in his first issue that the trial court erred by not conducting a sua sponte informal inquiry into his competency because evidence before the court raised a bona fide doubt as to his competency. He argues in his third issue that the trial court erred by denying his motion for new trial, which alleged he was actually incompetent at the time of trial. The State suggests that our review should be limited to the trial court's denial of appellant's motion for new trial and that we need not address whether the court should have conducted an informal inquiry. We conclude, however, that each point of error "relates to trial court conduct at different stages in the proceedings and, consequently, presents a different issue for review." *Brown v. State*, 960 S.W.2d 772, 774 (Tex. App.-Dallas 1997, pet. ref'd). We address each issue in turn.

### 1. Sua Sponte Informal Inquiry

■ A defendant is incompetent when he or she lacks (1) sufficient present ability to consult with counsel with a reasonable degree of rational understanding or (2) a rational and factual understanding of the legal proceedings. TEX.CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006). A trial court has an obligation to sua sponte hold an informal inquiry into competency if "evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court." TEX.CODE CRIM. PROC. ANN. art. 46B.004(b) (West 2006). After the informal inquiry, if the court determines some evidence exists that would support a finding of incompetence, then the court must appoint an expert to examine the defendant and hold a trial to determine whether the defendant is actually incompetent to stand trial on the merits. TEX.CODE CRIM. PROC. ANN. art. 46B.004–.005 (West 2006).

■ The "evidence" required to trigger the mandatory informal inquiry can be any fact brought to the court's attention that raises a bona fide doubt regarding the defendant's competency. *Fuller v. State*, 253 S.W.3d 220, 228 (Tex.Crim.App.2008); *Criswell v. State*, 278 S.W.3d 455, 458 (Tex. App.-Houston [14th Dist.] 2009, no pet.). Evidence sufficient to create a bona fide doubt includes facts regarding the defendant's "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant." *Fuller*, 253 S.W.3d at 228 (quotation omitted). Evidence sufficient to create a bona fide doubt may also include any other fact from a reasonable or credible source that tends to show incompetence. *Alcott v. State*, 51 S.W.3d 596, 599 (Tex.Crim.App.2001); *see also Kostura v. State*, 292 S.W.3d 744, 749 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (Sullivan, J., concurring). This evidence need not be sufficient to find a defendant actually incompetent. *Fuller*, 253 S.W.3d at 228. It must simply create " 'a real doubt in the judge's mind as to the defendant's competency.' " *Kostura*, 292

S.W.3d at 747 (majority opinion) (quoting *Alcott,* 51 S.W.3d at 599 n. 10). We review a trial court's implicit decision to not hold a sua sponte informal inquiry for an abuse of discretion. *Id.* at 746.

A defendant has the right to be competent throughout his or her entire trial, which includes sentencing. *Casey v. State,* 924 S.W.2d 946, 949 (Tex.Crim.App. 1996). Thus, the Texas competency statutes "allow competency to be raised, by either party or the judge, at any time before sentence is pronounced." *Morris v. State,* 301 S.W.3d 281, 290 (Tex.Crim.App. 2009). "[S]entencing marks the final act of the trial stage [and] closes the door on the trial." *Casey,* 924 S.W.2d at 949. Accordingly, when determining if the trial court should have had a bona fide doubt as to competency, we do not typically consider evidence brought to the trial court's attention for the first time after sentencing. *See Purchase v. State,* 84 S.W.3d 696, 699 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (reasoning that the court should not apply the bona fide doubt standard when all the evidence of incompetency was presented at the hearing on a motion for new trial); *Freeman v. State,* No. 13–98–587–CR, 2001 WL 34401233, at *2 (Tex.App.-Corpus Christi Aug. 16, 2001) (not designated for publication) (concluding there was no error in the trial court's failure to conduct a sua sponte informal inquiry because the only evidence of incompetency was brought to the court's attention on the defendant's motion for new trial and bill of exception), *rev'd on other grounds,* 125 S.W.3d 505 (Tex.Crim.App.2003). Rather, we consider only the evidence actually known by the trial court up until the point of sentencing. *Brown v. State,* 960 S.W.2d 772, 775–76 (Tex.App.-Dallas 1997, pet. ref'd) (refusing to consider new evidence of incompetency presented at the hearing on a motion for new trial for purposes of

determining whether the trial court erred in not making an initial inquiry into the defendant's competency); *Taylor v. State,* 948 S.W.2d 827, 832 (Tex.App.-San Antonio 1997, pet. ref'd) (same).

Appellant argues, however, that we should consider evidence brought to the trial court's attention on his motion for new trial in our evaluation of whether the court erred by not conducting an informal inquiry. The Ninth Court of Appeals recently held that "the bona fide doubt standard applies to the competency issues raised in [a] motion for new trial," and it considered new evidence presented on the motion to determine whether the trial court should have conducted an informal inquiry after sentencing. *Lasiter v. State,* 283 S.W.3d 909, 926 (Tex.App.-Beaumont 2009, pet. ref'd). But the Court of Criminal Appeals has not yet held that courts should apply the bona fide doubt standard to consider new evidence presented after sentencing. Nor does it appear that the amendment to the competency statute in 2003 authorized courts to follow this procedure, as suggested by the Ninth Court in *Durgan v. State,* 259 S.W.3d 219, 222–23 (Tex.App.-Beaumont 2008, no pet.). The statute formerly distinguished between issues of incompetency raised "in advance of the trial" and "during the trial." *See* Tex. Code Crim. Proc. Ann. art. 46.02, § 2 (repealed Jan. 1, 2004). Some courts relied on the "during the trial" language to conclude that the statute did not apply after sentencing. *See Durgan,* 259 S.W.3d at 222–23. The legislature removed the "during the trial" language in 2003 when it adopted a uniform procedure for raising the issue of incompetency. *See* 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 26.51a (Supp.2009–2010) (noting that the amendment "abandoned the traditional distinction between pretrial and trial procedures"). But both the pre- and post-

amendment versions of the statute require the trial court to determine the issue of competency *prior to sentencing* when the issue is raised after the trial begins. *Compare* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 4(c) (repealed Jan. 1, 2004) (providing for determination to be made "at any time prior to the sentencing of the defendant" when issue as to competency is raised "other than by written motion in advance of trial"), *with* TEX.CODE CRIM. PROC. ANN. art. 46B.005(d) (providing for determination to be made "at any time before sentencing" when issue as to competency is raised "after the trial begins"). Simply put, the Texas competency statute does not apply after sentencing. *See Morris v. State,* 301 S.W.3d 281, 290 (Tex.Crim.App. 2009).

Nor does there appear to be a federal constitutional requirement that a court consider post-sentencing evidence when determining if the trial court should have had a bona fide doubt as to competency. In *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), the defendant moved to vacate his sentence in part because he alleged he should have received a competency hearing. *Id.* at 168–69, 95 S.Ct. 896; *Drope v. State,* 498 S.W.2d 838, 839 (Mo.Ct.App.1973), *rev'd,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). The Missouri Court of Appeals refused to consider psychiatric testimony from the hearing on the motion to vacate when deciding whether the trial court should have had a reasonable doubt as to competency: "We do not find in [*Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966),] any indication that the evidence of reasonable doubt of competence can be elicited in the first instance during a postconviction proceeding seeking to set aside the conviction." 498 S.W.2d at 843. The United States Supreme Court agreed with this procedure, noting that it had "not relied on the testimony of the

psychiatrists at the [hearing on the motion to vacate], which, we agree with the Missouri Court of Appeals, is not relevant to the question" of whether there was a reasonable doubt as to the defendant's competency at the time of trial. 420 U.S. at 181 n. 17, 95 S.Ct. 896.

Accordingly, we will consider only the facts known to the trial court prior to the imposition of appellant's sentence. Appellant suggests the following facts known to the trial court should have created a bona fide doubt as to appellant's competency: (1) appellant received a head injury from a beating he incurred the night of the crime, (2) appellant was being confined in the jail's "A row," which was where people were housed for disciplinary, protective, or medical reasons, (3) appellant had epilepsy, and (4) appellant drank alcohol regularly before he was arrested. These facts do not show recent severe mental illness, moderate retardation, or truly bizarre acts. Nor do these facts suggest that appellant might have been unable to consult with his attorney or understand the proceedings. Appellant offered no explanation for why the court might think otherwise. *Cf. Moore v. State,* 999 S.W.2d 385, 395 (Tex. Crim.App.1999) (finding no error in the trial court's failure to hold an informal inquiry when the court knew the defendant suffered from depression but there was no evidence that he could not understand the proceedings or assist his attorney); *see also Williams v. State,* Nos. 14–09–00042–CR, 14–09–00043–CR, 2010 WL 3921128, at *6 (Tex.App.-Houston [14th Dist.] Oct. 7, 2010, no pet. h.) ("[E]vidence of impairment does not support a competency inquiry where there is no evidence indicating the defendant is unable to consult with his attorney with a reasonable degree of rational understanding.")

Further, the court spoke with appellant during a pretrial proceeding to determine

whether appellant needed an interpreter, and appellant said that he would be able to help his attorney in preparing for trial and throughout trial. *See McDaniel v. State*, 98 S.W.3d 704, 712 (Tex.Crim.App.2003) (noting the appellant's lucid trial testimony in support of the trial court's implicit decision to not hold an informal inquiry); *Kostura*, 292 S.W.3d at 747 (same). We hold that there was insufficient evidence to raise a bona fide doubt as to appellant's competency, and the trial court did not abuse its discretion by failing to sua sponte hold an informal inquiry. We overrule appellant's first issue.

### 2. Motion for New Trial

■■ When a defendant raises the issue of incompetency in a motion for new trial, a court looks to all the evidence—including new evidence presented on the motion—to determine whether the appellant was actually incompetent at the time of the trial.[1] *Purchase*, 84 S.W.3d at 699; *Edwards v. State*, 993 S.W.2d 171, 175–76 (Tex.App.-El Paso 1999, pet. ref'd); *Brown*, 960 S.W.2d at 778. The court does not look to whether the evidence raises a bona fide doubt as to competency, and it applies the normal standard used in deciding a motion for new trial whereby the trial court is entitled to resolve conflicts in the evidence. *Purchase*, 84 S.W.3d at 699; *Brown*, 960 S.W.2d at 778. We review a trial court's denial of a motion for new trial for an abuse of discretion. *Criswell*, 278 S.W.3d at 457

Appellant raised several additional facts at the hearing on the motion for new trial. Appellant focuses on two in particular: (1) appellant had memory problems and (2) appellant's trial counsel initially had concerns about appellant's competency. The memory problems, however, primarily concerned minor details such as dates and numbers. Further, counsel testified, "I believe that he understood the nature of the charges against him and was able to assist me in my defense, yes." Counsel also said that he discussed a plea with appellant, and he believed appellant understood the plea. Appellant provided counsel with names of witnesses, and appellant's daughter believed that appellant was generally aware of what was going on in the case and that he probably would understand what was going on during trial. Appellant's daughter also said she did not know if he was mentally retarded, but he was able to maintain a job and support the family. She believed that the defense's theory of the case—that appellant was acting in self defense—came from appellant.

Appellant's minor memory problems, without supporting evidence that these problems caused him to be denied a fair trial, do not show incompetence. *See Jackson v. State*, 548 S.W.2d 685, 691–92 (Tex.Crim.App.1977). And an unsupported allegation of incompetence, such as trial counsel's initial comment, is not even enough to raise a bona fide doubt as to competency. *See McDaniel*, 98 S.W.3d at 711. Accordingly, it could not be the basis for holding that the trial court abused its discretion by denying appellant's motion for a new trial. Appellant did not establish at the hearing that he was incompetent to stand trial, and looking at all of the evidence available to the trial court, we see no abuse of discretion. We overrule appellant's third issue.

### B. Post–Sentencing Request for Competency Examination

Appellant argues in his second issue that the trial court erred in denying his post-

---

1. A defendant may also allege in a motion for new trial that the trial court should have conducted a sua sponte informal inquiry. *See Criswell*, 278 S.W.3d at 457, 460. But in this case, appellant argued in his motion that he was actually incompetent, not that the court erred by failing to hold an informal inquiry.

sentencing request for a competency examination under the Texas competency statute. He asserts that "a defendant must be competent at all stages of trial including a hearing on the Motion for New Trial." Under the Texas competency statute, a trial court must appoint an expert to examine a defendant if evidence exists to support a finding of incompetency. TEX. CODE CRIM. PROC. ANN. art. 46B.021(b) (West 2006).

■ Appellant cites no authority for the argument that a court may be required to appoint an expert to examine a defendant after sentencing, and he fails to present "a clear and concise argument for the contentions made." TEX.R.APP. P. 38.1(i). Further, the record in this case is insufficient to establish error because the hearing on appellant's motion was not transcribed, and we are left to speculate whether appellant presented any evidence to support a finding of incompetency. *See Ortiz v. State*, 144 S.W.3d 225, 230 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) (en banc) (unanimous decision) (explaining that an appellant bears the "burden of developing a sufficient record in the trial court to demonstrate reversible error on appeal"). Accordingly, appellant's second point of error is waived.

■ But even if we were to address the merits of appellant's argument, we have found no support for the argument that a defendant may have an expert appointed after sentencing. *See Bronson v. State*, No. 12–09–00129–CR, 2010 WL 702259, at *4 (Tex.App.-Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication) (suggesting that the competency statute might not authorize a trial court to appoint an expert after sentencing because the statute is "prospective in nature" and it "does not specifically provide for an examination to determine if a convicted person had been incompetent to stand trial").

And even if we assume that a trial court could appoint an expert after sentencing, the record shows only appellate counsel's bare assertion of incompetency without supporting details, which is insufficient to raise a bona fide doubt. *See McDaniel*, 98 S.W.3d at 711; *Moore v. State*, 999 S.W.2d 385, 394 (Tex.Crim.App.1999). We overrule appellant's second issue.

## C. Ineffective Assistance

■ In appellant's fourth issue, he argues that he received ineffective assistance of counsel. When, as here, an appellant raises the issue of ineffective assistance in a motion for new trial, we review the trial court's denial of the motion for an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 207–08 (Tex.Crim.App.2004), *superseded by statute on other grounds by* TEX. R.APP. P. 21.8(b), *as recognized in State v. Herndon*, 215 S.W.3d 901, 905 n. 5 (Tex. Crim.App.2007); *My Thi Tieu v. State*, 299 S.W.3d 216, 223 (Tex.App.-Houston [14th Dist.] 2009, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling, and we will reverse only if no reasonable view of the record could support the trial court's finding. *Charles*, 146 S.W.3d at 208.

A claim of ineffective assistance is governed by the familiar two-prong test announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient— counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. 2052. A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. If a defendant cannot show in the record that counsel's conduct was not the product of a strategic decision,

"a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex.Crim.App.2008) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim. App.2005)). Second, a defendant must show that counsel's deficiency caused prejudice—that the "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. There must exist a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A defendant must satisfy both of these prongs by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010).

Appellant alleges many of trial counsel's actions show deficient performance. But all of appellant's allegations are cursory, some of them lack citations to the record, and many of them are contradicted by the record. Trial counsel testified at the hearing on the motion for new trial, so we have insight into counsel's decisions on some of the alleged errors. The record is silent, however, as to others. We will address these allegations under the following categories: communication, investigation and preparation regarding mental health, interviewing and presenting witnesses, and objections.

**1. Communication**

■ Appellant alleges that counsel did not properly inform appellant about the proceedings, including a plea offer, and counsel failed to effectively communicate with appellant. These allegations are not supported by the record. Although appellant's daughter said she was not aware of a plea offer in the case, counsel said that he discussed a plea with appellant and that appellant understood the plea. Further, counsel testified that he met with appellant about six times before trial and that appellant gave him names of witnesses with whom he spoke. Finally, appellant's daughter said she believed that the entire theory of the case presented by counsel—self defense—came from appellant. The evidence regarding counsel's communication with appellant supports the trial court's decision to deny the motion.

**2. Investigation and Preparation Regarding Mental Health**

■ Appellant alleges that counsel allowed appellant to go to trial when counsel was aware of appellant's mental illness, did not adequately investigate appellant's medical and mental health background for purposes of mitigation, did not consult medical professionals, did not obtain appellant's medical records, and did not secure expert testimony about appellant's epilepsy. Most of these allegations are not supported by the record. Counsel was not aware of any mental illness that appellant had, and appellant has not shown anywhere in the record that appellant has a neurological disorder other than epilepsy. Appellant has not demonstrated that he was incompetent to stand trial, and counsel believed appellant was legally competent to stand trial. Further, counsel said that he had sufficient information about appellant's medical history to present his defense and make a competency determination. At sentencing, appellant's daughter explained appellant's health issues, including his epilepsy, heart problems, and drinking. Appellant has failed to show how any further investigation was necessary or would have affected the outcome of the proceedings. *See Vaughn v. State*, No. 14–08–00522–CR, 2009 WL 3294998, at *4 (Tex.App.-Houston [14th Dist.] Oct. 15, 2009, pet. dism'd) (mem. op., not designated for publication) (holding that counsel

was not ineffective for failing to investigate mental health background for purposes of mitigation because the defendant did not prove what further evaluation would have shown and how it would have affected the punishment); *Conrad v. State,* 77 S.W.3d 424, 426–27 (Tex.App.-Fort Worth 2002, pet. ref'd) (holding that counsel's failure to investigate insanity defense was not ineffective assistance because the defendant failed to offer evidence at the hearing on the motion for new trial that would have established insanity).

Counsel stated that he believed appellant was legally competent because appellant understood the proceedings and assisted him by providing names of witnesses. *See Stafford v. State,* 101 S.W.3d 611, 613 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (holding that counsel was not ineffective for failing to have a mental health expert evaluate the defendant for competency purposes when there was no detailed evidence of mental illness, and trial counsel was in the best position to observe competency). Further, counsel said that he in fact consulted with medical professionals while preparing for appellant's case. Although counsel might not have reviewed all the medical records that appellate counsel reviewed, counsel testified that he reviewed sufficient medical records, including records that contained explicit details about appellant's medical history. Counsel said he did not need voluminous records regarding appellant's epilepsy to defend the case under the theory of self defense, so he did not pursue additional records or secure expert testimony regarding appellant's epilepsy. Counsel said that he made a strategic choice not to pursue a theory of the case based on an epileptic seizure but rather that appellant was acting in self defense. He believed these two theories would appear inconsistent to the jury, and he made a

strategic decision to pursue only one theory at trial. Decisions based in strategy do not constitute deficient performance, *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052, and the trial court did not err in finding that there was no deficiency regarding counsel's investigation and preparation as to appellant's mental or physical health. *Cf. Stafford,* 101 S.W.3d at 613 (holding no ineffective assistance in failing to investigate insanity defense because it was incompatible with the already plausible and presented misidentification defense).

### 3. Interviewing and Presenting Witnesses

 Appellant next alleges that counsel did not interview family members before trial, failed to call relevant witnesses who were available and would have provided beneficial testimony, should have called more witnesses to testify at punishment (in particular, family members and employers), and should have ensured that witnesses were subpoenaed.

Appellant has not identified any particular witnesses counsel should have called, what these witnesses would have said, or how the testimony would have benefited appellant's case during the guilt-innocence or punishment phases. A court has no basis for finding deficient performance when presented with this type of unsupported allegation. *See Perez v. State,* 310 S.W.3d 890, 894 (Tex.Crim.App.2010) ("[T]he failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." (quotation omitted)). Further, counsel testified that he met with appellant's daughter three or four times, and she supplied a list of witnesses. He also testified that he met with other family members and other witnesses

who were interviewed by the State and some who were not interviewed by the State. Finally, we note that counsel indeed called several witnesses during both the guilt-innocence and punishment phases of the trial. Accordingly, the evidence supports the trial court's decision.

### 4. Objections

Appellant alleges that counsel did not object at sentencing on cruel-and-unusual or abuse-of-discretion grounds and that "counsel should have been more effective at the trial and punishment stage by making more objections." Counsel's failure to object at sentencing was not addressed at the hearing on the motion for new trial. Thus, the record is silent as to counsel's decision not to object on the two identified grounds. Further, appellant has failed to show (or even argue) that such objections, if overruled, would have constituted reversible error, and we have found no suggestion in the record that these objections would have preserved meritorious issues for appeal. In such a situation, there is no ineffective assistance. *See Miniel v. State,* 831 S.W.2d 310, 324–25 (Tex. Crim.App.1992) (holding no deficient performance because failure to object would not have preserved reversible error); *see also Holland v. State,* 761 S.W.2d 307, 319 (Tex.Crim.App.1988) ("[T]rial counsel was under no obligation to do what would amount to a futile act.").

Finally, appellant has failed to identify any other particular objections counsel should have made. There is no basis for finding deficient performance on this unsupported allegation. *See Livingston v. State,* No. 14–06–01031–CR, 2008 WL 2262033, at *8 (Tex.App.-Houston [14th Dist.] May 29, 2008, pet. ref'd) (mem. op., not designated for publication) (refusing to consider the appellant's ineffective assistance argument when the appellant failed to identify a specific objection counsel

should have made); *Valdes–Fuerte v. State,* 892 S.W.2d 103, 112 (Tex.App.-San Antonio 1994, no pet.) (same).

A reasonable view of the evidence supports the trial court's decision to deny appellant's motion for a new trial based on ineffective assistance, and thus, we find no abuse of discretion. Appellant's fourth issue is overruled.

### Conclusion

We conclude that the trial court did not err by failing to conduct a sua sponte informal inquiry into appellant's competency, nor did the court err in denying appellant's motion for new trial. Appellant has also failed to show that the trial court erred by not ordering a post-sentencing competency examination. Finally, the trial court did not · err in denying appellant's motion for new trial based on ineffective assistance. We overrule appellant's issues and affirm the trial court's judgment.