Affirmed and Memorandum Opinion filed February 8, 2011.

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00867-CR



 

Curtis Lynn MillS, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1161713



 

MEMORANDUM  OPINION

 

Appellant Curtis Lynn Mills pleaded guilty to
aggravated assault.  He received deferred adjudication and was placed on
community supervision for five years.  Based on appellant’s subsequent violation
of his community supervision terms, the trial court adjudicated appellant
guilty.  The trial court sentenced appellant to imprisonment for eight years
for the underlying aggravated assault.  We affirm.

BACKGROUND

Appellant was indicted for aggravated assault.  See
Tex. Penal Code Ann. § 22.02(a) (Vernon 2003).  Appellant pleaded guilty to
the offense, and the trial court granted appellant deferred adjudication and
placed him on community supervision for five years.  See Tex. Code Crim.
Pro. Ann. art. 42.12 § 5(a) (Vernon 2006).  While on community supervision,
appellant pleaded guilty to and was convicted of criminal trespass.  The State
filed a motion to adjudicate appellant’s guilt in the aggravated assault case
and alleged that appellant violated his community supervision terms by
committing the crime of trespass.  The State also alleged a number of other
violations in the motion.  

The State initially offered to recommend a sentence
of imprisonment for three years if appellant would enter a plea of “true” to
the alleged violations.  The offer was reduced to two years.  Appellant
rejected the plea agreement.  The trial court held a hearing on the motion to
adjudicate appellant’s guilt; the State introduced evidence of appellant’s
trespass conviction and abandoned the other alleged violations.[1] 
The trial court found that appellant violated the terms of his deferred
adjudication, adjudicated appellant guilty of aggravated assault, and sentenced
him to imprisonment for eight years.  See id. § 5(b); see also Tex.
Penal Code Ann. § 12.33 (Vernon 2003).  

Appellant filed a motion for new trial based on
alleged ineffective assistance of counsel; he claimed in his motion that his
trial counsel was ineffective for failing to explain that his community
supervision could be revoked with proof of his trespass conviction alone.[2] 
The trial court denied the motion after considering affidavits from appellant, his
trial counsel, and another attorney acquainted with trial counsel.  Appellant’s
appeal is based on the same ineffective assistance of counsel claim raised in
his motion for new trial.




ANALYSIS

Appellant claims in his only issue on appeal that the
trial court abused its discretion in overruling appellant’s motion for new
trial.  He argues that his trial counsel was ineffective for failing to
properly explain the effect of appellant’s trespass conviction on his deferred
adjudication.  

Appellant attached an affidavit to his motion for new
trial, in which he states:

I know that they alleged that I
committed a misdemeanor trespass and I had pled guilty to that offense.  I also
knew that I wanted to go home and that if I accepted a plea for two years, I
would be eligible for release almost immediately [based on credit for time
served].

I honestly had trouble
understanding my attorney and I requested the court appoint me another
attorney.  I have trouble understanding people and with my attorney’s accent, I
think it was much worst [sic].

*                                  *                                  *

If I
understood that the hearing was going to be based just upon my violation for
trespass, I would have pled true and taken the 2 year offer by the [S]tate.  I
just did not understand what my lawyer was saying about my case.

*                                  *                                  *

If I knew
they could revoke me based upon my trespass plea, I would not have had [a] hearing.

Appellant also submitted an
affidavit of another attorney who said she is familiar with appellant’s trial
counsel; the attorney states in her affidavit:

I am acquainted with [trial
counsel] . . . and have talked with her on several occasions.

In my
experience, it is difficult to understand [trial counsel] due to her accent. 
Particularly, I have had discussions with her regarding the law, and despite my
training and education in the law, I found it difficult to understand her.

The State submitted the
affidavit of appellant’s trial counsel, in which she states:

            I discussed the facts alleged by the State’s
Motion with . . . [appellant].  I also advised [appellant] of all the
violations alleged by the State.  Additionally, he was served with copies of
the violations.  I advised him of the possible punishment range. . . .  Twice,
[appellant] accepted the [two-year] offer and then backed down from the plea. 
He insisted that he was not going to plead “True” for any violation and he had
evidence to prove that the allegations were unfounded.

            [A]ppellant never
told me that he did not understand me fully.  In 2 attempts of plea, he never
told the Judge that he was not able to understand my accent or was unable to
communicate with me.

Appellant had the right to effective assistance of
counsel in connection with the hearing on the State’s motion to adjudicate
guilt.   See Hill v. State, 480 S.W.2d 200, 203 (Tex. Crim. App. 1971)
(op. denying motion for reh’g).  In determining whether his trial counsel’s
representation was so ineffective that it violated appellant’s Sixth Amendment
right to counsel, we use the two-prong test laid out in Strickland v.
Washington, 466 U.S. 668 (1984).  Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999).  To establish ineffective assistance of counsel, a
defendant must show that (1) his counsel’s performance fell below an objective
standard of reasonableness; and (2) but for counsel’s unprofessional errors,
the result of the proceeding would have been different.  Id.  

We review the Strickland standards “through
the prism of an abuse of discretion standard” when analyzing a trial court’s
ruling on a motion for new trial based on ineffective assistance of counsel.  State
v. Gill, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref’d); see
also Rodriguez v. State, No. 14-09-00625-CR, 2010 WL 4467632, at *6 (Tex.
App.—Houston [14th Dist.] Nov. 9, 2010, no pet.) (citing Charles v. State,
146 S.W.3d 204, 207–08 (Tex. Crim. App. 2004), superseded by statute on
other grounds by Tex. R. App. P. 21.8(b), and My Thi Tieu v. State,
299 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2009, pet ref’d)).  We view
evidence in the light most favorable to the trial court’s ruling, and we will
reverse only if no reasonable view of the record could support the trial
court’s finding.  Rodriguez, 2010 WL 4467632, at *6 (citing Charles,
146 S.W.3d at 208).

We make an assessment of whether a defendant received
effective assistance of counsel according to the facts of each case.  Thompson,
9 S.W.3d at 813.  Any allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Id.  Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.  Id.  We
look to the totality of the representation and particular circumstances of each
case in evaluating the effectiveness of counsel.  Id.  We must be
“highly deferential to trial counsel and avoid the deleterious effects of
hindsight.”  Lane v. State, 257 S.W.3d 22, 26 (Tex. App.—Houston [14th
Dist.] 2008, pet. ref’d).  Trial counsel is strongly presumed to have
acted within the wide range of reasonable professional assistance.  Perez v.
State, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).  

Appellant states in his affidavit that he did not
understand revocation could be based entirely on his conviction for trespass. 
The statements in the attorney’s affidavit echo appellant’s assertion that
trial counsel speaks with an accent that makes her difficult to understand. 
However, when appellant was asked at the hearing on the State’s motion to
adjudicate guilt whether he understood that he had to follow “all the
conditions that the Judge imposed on you to keep your probation,” appellant
answered, “Yes, I do.”  

Appellant does not state in his affidavit that trial
counsel misled or failed to inform appellant of the effect of the conviction; instead,
he merely states that he did not understand what trial counsel told him about
the case.  Appellant’s trial counsel swears in her own affidavit that (1) she
advised appellant of all the violations alleged by the State and of the
possible punishment range; (2) appellant twice accepted the State’s offer, then
insisted that he did not wish to plead true to “any” of the allegations because
he could disprove them all; (3) appellant never told his trial counsel that he
could not understand her; and (4) appellant was able to communicate well enough
with trial counsel to coordinate a request for medical records related to
another allegation.  Viewing the evidence in the light most favorable to the
trial court’s ruling, we conclude that appellant failed to establish that his
trial counsel’s performance fell below an objective standard of reasonableness;
therefore, the first prong of Strickland is not satisfied.  See Thompson,
9 S.W.3d at 812.  The trial court acted within its discretion in denying
appellant’s motion for new trial predicated on ineffective assistance of
counsel.  See Rodriguez, 2010 WL 4467632, at *6.

CONCLUSION

Having overruled appellant’s only issue on appeal, we
affirm the judgment of the trial court.








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The trial court’s judgment indicates that appellant pleaded “true” to the
allegations.  However, the record from the hearing on the State’s motion to
adjudicate reveals that the appellant pleaded “not true.”





[2]
The State argues that appellant’s motion for new trial was not timely filed. 
Appellant’s motion was due on or before October 26, 2009.  See Tex. R.
App. P. 21.4(a).  The file stamp on appellant’s motion for new trial in the
clerk’s record is dated October 27, 2009.  However, the figure “26” appears
over the file stamp date next to what appears to be the clerk’s signature;
October 26 matches the date recited in the certificate of service.  Therefore,
we conclude that the motion for new trial was timely filed.