Affirmed and Memorandum Opinion
filed May 3, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00100-CR



Carlos suarez, Appellant 

v.

the state of
texas, Appellee 



On Appeal from
the 174th District Court 

Harris County, Texas

Trial Court
Cause No. 1193795



 

MEMORANDUM OPINION 

Appellant Carlos Suarez pleaded guilty to aggravated
robbery and was sentenced by the trial court to fifteen years’ imprisonment.  On
appeal, appellant argues that the trial court failed to (1) conduct a statutory
competency inquiry and (2) hold a hearing on his motion for new trial.  We
affirm.

I.                  
Background

            Appellant pleaded
guilty to aggravated robbery without an agreed recommendation as to
punishment.  In a document entitled “Statements and Waivers of Defendant,”
appellant attested by his initials and signature that he was mentally competent
and understood the nature of the charge against him.  He further acknowledged
that his statement was executed “freely, knowingly, and voluntarily” and that
he fully understood the consequences of his plea.  In addition, the trial court
and appellant’s trial counsel signed the document entitled “Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession,”
affirming their belief that appellant was mentally competent and was entering
his plea knowingly and voluntarily.  

On December 8, 2009, the trial court held a
sentencing hearing.  At the hearing, the trial court acknowledged that it had
reviewed the presentence investigation report and the letters of recommendation
submitted on appellant’s behalf.  The trial court heard testimony from three of
appellant’s family members and from appellant.  After hearing all of the
evidence, the trial court found appellant guilty and sentenced him to fifteen
years’ imprisonment.  

On January 7, 2010, appellant’s trial counsel filed a
motion for new trial.  The motion reads, in relevant part:

Defendant was denied the effective assistance of counsel .
. . . 

Defendant did not freely, voluntarily, knowingly and
intelligently waive his rights including pleading to a Presentence
Investigation [at] the time of his plea, and was not aware of the consequences
of his plea. 

Newly discovered evidence exist[s] in that the attorney for
Defendant has been informed by family members that Defendant may not have been
competent/sane at the time of his plea, and that the undersigned attorney
should have filed motions for Competency/Sanity prior to pleading the Defendant
to a Presentence Investigation.

The affidavit attached to the
motion is from appellant’s trial counsel and states that he has read the motion
and swears that all of the allegations of fact in it are true and correct to
the best of his belief.  The trial court denied the motion by written order without
a hearing.  This appeal followed.

II.        Analysis

A.    Statutory
Competency Inquiry

In his second issue, appellant contends that the
trial court erred by not conducting an inquiry into his competency when appellant
asserted in the motion for new trial that he may not have been competent at the
time of his guilty plea.  Appellant argues that the trial court had a statutory
duty to conduct an inquiry under article 46B.004 of the Texas Code of Criminal
Procedure.      

Upon suggestion that the defendant may be incompetent
to stand trial, the trial court must conduct an informal inquiry to determine
whether there is evidence that would support a finding of incompetence.  Tex. Code
Crim. Proc. Ann. art. 46B.004(c) (West 2006).  A competency hearing is required
if evidence is sufficient to raise a bona fide doubt in the trial court’s mind
as to the defendant’s competency.  Montoya v. State, 291 S.W.3d 420, 425
(Tex. Crim. App. 2009).  A bona fide doubt may exist if the defendant exhibits “truly
bizarre behavior or has a recent history of severe mental illness or at least moderate
mental retardation.”  Id.  We review a trial court’s decision to not
hold an informal inquiry for abuse of discretion.  Id. at 426.

Appellant does not contend that there was evidence
before the trial court prior to sentencing to trigger a bona fide doubt and,
consequently, an inquiry.  Rather, appellant argues that there is “newly
discovered evidence” from his family as alluded to in the motion for new trial
that should now trigger an inquiry by the trial court.  Our court has recently
held, though, that the Texas competency statute on which appellant relies does
not apply after sentencing.  Rodriguez v. State, 329 S.W.3d 74, 78–79
(Tex. App.—Houston [14th Dist.] 2010, no pet.) (refusing to consider evidence
brought to the trial court’s attention in a motion for new trial in evaluating
whether the trial court erred by not conducting a statutory competency
inquiry).  Accordingly, the trial court did not abuse its discretion by failing
to hold a statutory competency inquiry based on “newly discovered evidence”
brought to its attention after sentencing.      

We overrule appellant’s second issue. 

B.     Hearing
on Motion for New Trial

In his first issue, appellant contends that the trial
court erred in failing to conduct a hearing on his motion for new trial when he
raised the issues of incompetency and ineffective assistance of counsel.  We
review a trial court’s denial of a hearing on a motion for new trial for an
abuse of discretion.  Smith v. State, 286 S.W.3d 333, 339 (Tex. Crim.
App. 2009).  The trial court’s decision will not be reversed unless it is so
clearly wrong as to lie outside the zone of reasonable disagreement.  Id.   


The right to a hearing on a motion for new trial is
not absolute.  Rozell v. State, 176 S.W.3d 228, 230 (Tex. Crim. App.
2005).  A trial court is required to hold a hearing when the motion and
accompanying affidavits (1) raise a matter which is not determinable from the
record and (2) establish reasonable grounds showing that the defendant could
potentially be entitled to relief.  Hobbs v. State, 298 S.W.3d 193, 199
(Tex. Crim. App. 2009).  As a prerequisite to a hearing when the grounds are
based on matters not already in the record, the motion must be supported by an
affidavit specifically setting out the factual basis for the claim.  Id. 
If the affidavit is conclusory, unsupported by facts, or fails to provide
requisite notice of the basis for the relief claimed, no hearing is required.  Id. 
To obtain a hearing on his ineffective-assistance-of-counsel claim, a defendant
must allege sufficient facts from which a trial court could reasonably conclude
both that counsel failed to act as a reasonably competent attorney and that,
but for counsel’s failure, there is a reasonable likelihood that the outcome of
his trial would have been different.  Smith, 286 S.W.3d at 340–41.

Here, the motion, sworn to be true to the best of the
affiant’s belief, is unsupported by facts.[1] 
The motion simply states that “newly discovered evidence” exists on appellant’s
incompetence, appellant may not have been competent/sane at the time of his
plea, and appellant’s trial counsel should have filed motions for competency
prior to the plea.  The motion does not contain any information about what the
“newly discovered evidence” is, how this “newly discovered evidence” rendered
his plea involuntary, or what an investigation at the time would have revealed
that reasonably could have changed the result of the case.  See King v.
State, 29 S.W.3d 556, 568–69 (Tex. Crim. App. 2000) (motion supported by
verification affidavit insufficient for trial court to hold hearing because
none of bare assertions established facts entitling defendant to new trial). 
Therefore, the “verified” motion in this case is insufficient to require a
hearing.  See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App.
1994) (appellant’s affidavit insufficient when allegations of ineffective
assistance not supported by facts demonstrating why counsel’s investigation was
deficient, what further investigation would have revealed, and what additional
witnesses would have said to exculpate him); Stokes v. State, 298 S.W.3d
428, 432–34 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding trial court
did not abuse discretion by failing to hold hearing on motion for new trial
when appellant did not provide trial court with sufficient facts to support
claims of ineffective assistance for failure to investigate).

Accordingly, the trial court did not err in failing
to conduct a hearing on appellant’s motion for new trial.  Appellant’s first
issue is overruled.[2]


III.  CONCLUSION

Having overruled all of appellant’s issues, we affirm
the trial court’s judgment. 

 

                                                                                    

                                                            /s/                    Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Appellant makes much of the fact that the motion was verified by his trial
counsel and contends that the verification is an admission that he provided
ineffective assistance of counsel, thereby entitling appellant to a hearing on
his motion for new trial.  Trial counsel merely states that the allegations of
fact in the motion are true and correct to the best of his belief.  The
affidavit is conclusory and unsupported by facts.





[2]
Under a separate heading, appellant contends that trial counsel was ineffective
for failing to investigate appellant’s competency and bring it to the trial
court’s attention.  Appellant then refers the court back to his argument about
the trial court’s failure to hold a hearing, which we have addressed.  To the
extent that appellant intended to raise an argument about ineffective
assistance of counsel separate from the trial court’s failure to hold a
hearing, appellant has waived that argument.  See Tex. R. App. P.
38.1(i) (“The brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.”).