Opinion issued June 14, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00595-CR

———————————

Angel Garay, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 184th District Court 

Harris County, Texas



Trial Court Case No. 1276317

 



 

MEMORANDUM
OPINION

Appellant, Angel Garay, was charged by
indictment with burglary of a habitation. 
He pleaded guilty without a sentencing recommendation and the trial
court sentenced him to four years in prison. 
On appeal, he contends that the trial court abused its discretion by
failing to conduct a sua sponte inquiry into Garay’s competency after
sentencing.  We affirm. 

Background

The record shows that Garay and two other men broke into a home
and stole guns and ammunition.  Garay
entered a plea of guilty to burglary of a habitation on March 24, 2011.

At his July 5, 2011 sentencing hearing, Garay’s father and
sister testified.  Both stated that since
his arrest Garay had not associated with the same friends and had spent more
time at home with his family.  Neither
offered any testimony about Garay’s mental health.  Garay also testified.  According to Garay, he acted only as a
lookout for the other two men involved in the burglary and he participated
because he needed money to pay a lawyer. 
Garay testified that he had a job at the time of the hearing and if he
received probation, he would work at a warehouse driving fork-lifts and heating
metals.  Garay stated that he intended to
go back to school and get a license for automotive technology.  According to Garay, he would be able to
transfer his current enrollment at a college in New Orleans to a school in
Houston. 

At the end of the hearing, the trial court sentenced Garay to
four years in prison.  After the
sentencing, the trial court ordered that Garay be put on suicide watch.  The notes on the trial court’s order show
that while in custody, Garay told the bailiff that he had thoughts of killing
himself but had not had those thoughts on that particular day.  He also told the bailiff that he “sometimes
hears voices.”  

Standard of Review 

          A trial court’s decision to not hold a
sua sponte informal inquiry into an appellant’s competency is reviewed for an
abuse of discretion.  See Kostura v. State, 292 S.W.3d 744,
746 (Tex. App.—Houston [14th Dist.] 2009, no pet).  An abuse of discretion occurs where a trial
court’s decision lies outside the zone of reasonable disagreement.  Anderson
v. State, 193 S.W.3d 34, 37 (Tex. 
App.—Houston [1st Dist.] 2006, pet. ref’d).  “A trial court abuses its discretion if its
decision is arbitrary or unreasonable.”  Lawrence v. State, 169 S.W.3d 319, 322
(Tex. App.—Fort Worth 2005, pet. ref’d). 


Applicable Law

A defendant is presumed competent to stand trial and shall be
found competent to stand trial unless proved incompetent by a preponderance of
the evidence.  Tex. Code Crim. Ann. art. 46B.003(b) (West 2006).  A defendant is not competent to stand trial if
he lacks (1) a sufficient present ability to consult with his attorney with a
reasonable degree of rational understanding or (2) a rational as well as
factual understanding of the proceedings against him.  Id. art.
46B.003(a).  

          Under article 46B.004 of the Texas
Code of Criminal Procedure, the issue of a defendant’s competency can be raised
by either party or by the trial court on its own motion.  Specifically, article 46B.004 provides:

(a)  Either party may suggest by motion, or the
trial court may suggest on its own motion, that the defendant may be
incompetent to stand trial.  A motion
suggesting that the defendant may be incompetent to stand trial may be
supported by affidavits setting out the facts on which the suggestion is made.

 

(b)
If evidence suggesting the defendant may be incompetent to stand trial comes to
the attention of the court, the court on its own motion shall suggest that the
defendant may be incompetent to stand trial.

 

(c)
On suggestion that the defendant may be incompetent to stand trial, the court
shall determine by informal inquiry whether there is some evidence from any
source that would support a finding that the defendant may be incompetent to
stand trial.

 

Tex. Code Crim. App. Proc. Ann. art. 46B.004 (West Supp. 2011).

          A defendant has the right to be
competent throughout his or her entire trial, which includes sentencing.  Casey
v. State, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996).  The Texas competency statutes “allow
competency to be raised by either party or the judge, at any time before
sentencing is pronounced.”  Rodriquez v. State, 329 S.W.3d 74, 78 (Tex.
App.—Houston [14th Dist.] 2010, no pet.) (quoting Morris v. State, 301 S.W.3d 281, 290 (Tex. Crim. App. 2009)).  This is reflected in Texas Court of Criminal
Procedure article 46B.005(d), which states: “If the issue of the defendant’s
incompetency to stand trial is raised after the trial on the merits begins, the
court may determine the issue at any time before the sentence is
pronounced.”  Tex. Code Crim. Proc. Ann. art. 46B.005(d) (West 2008).  However, as the Fourteenth Court of Appeals
has previously noted:  “[S]entencing
marks the final act of the trial stage [and] closes the door on the trial.”  Rodriguez,
329 S.W.3d at 78 (quoting Casey, 924
S.W.3d at 949).  It further noted that, “when
determining if the trial court should have had a bona fide doubt as to
competency, we do not typically consider evidence brought to the trial court’s
attention for the first time after sentencing.” 
Id.  Rather, we consider only the evidence
actually known to the trial court up until the point of sentencing.  Id.
at 78 (citing Brown v. State, S.W.2d
772, 775–76 (Tex. App.—Dallas 1997, pet. ref’d)). 

The “evidence” required to trigger the mandatory informal
inquiry can be any fact brought to the court’s attention that raises a bona
fide doubt regarding the defendant’s competency.  Fuller
v. State, 253 S.W. 3d 220, 228 (Tex. Crim. App. 2008).  Evidence raising a bona fide doubt “need not
be sufficient to support a finding of incompetence and is qualitatively
different from such evidence.”  Alcott v. State, 51 S.W.3d 596, 599 n.10
(Tex. Crim. App. 2001).  Evidence is usually sufficient to create a
bona fide doubt if it shows “recent severe mental illness, at least moderate
retardation, or bizarre acts by the defendant.”  See Montoya v. State, 291
S.W.3d 420, 425 (Tex. Crim. App. 2009). 

 

 

Analysis  

It is undisputed that under articles 46B.004 and 46B.005(d), a
trial court is required to hold an informal inquiry into an appellant’s
competency if evidence raising a bona fide doubt about an appellant’s
competency is presented to the trial court before
sentencing.  See Tex. Code Crim. Proc.
Ann. art. 46B.004, 46B.005(d).  Garay
admits that no evidence that could have triggered a duty to conduct an inquiry
into his competency was brought to the trial court’s attention before
sentencing.  However, Garay contends that
even if the trial court was not required
under articles 46B.004 and 46B.005 to inquire into his competency, the trial
court nevertheless had discretion to conduct an informal inquiry on his
competency before it adjourned for the day. 
In support of this contention Garay cites Aguilera v. State, 165 S.W.3d 695 (Tex. Crim. App. 2005).  In Aguilera,
the Texas Court of Criminal Appeals held that a trial court has the authority
to modify a defendant’s sentence if the modification is made on the same day as
the assessment of the initial sentence and before the court adjourns for that
day.  Aguilera,
165 S.W.3d at 658.  According to Garay, “if the courts are
free to change their sentence before adjourning for the day as in Aguilera, then clearly they are also free
to inquire into a defendant’s competency.” 
Garay contends that because evidence raising a bona fide doubt as to his
competency came to the trial court’s attention only moments after sentencing,
the trial court abused its discretion by not conducting an informal inquiry as permitted
under Aguilera.

          The competency
statute requires a trial court to hold an inquiry before sentencing only if
evidence raising a bona fide doubt as to competency is raised before then.  See Tex. Code Crim. Proc. Ann. art. 46B.004
(“If evidence suggesting the defendant may be incompetent to stand trial comes
to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial.”)
(emphasis added);  Id. art. 46B.005 (if issue of competency “is raised after the trial
on the merits begins, the court may determine the issue at any time before the
sentenced is pronounced”).  But as the
Fourteenth Court of Appeals noted in Rodriguez,
“sentencing marks the final act of the trial stage [and] closes the door on the
trial” such that we will not consider evidence brought to the trial court’s
attention after sentencing in determining whether the trial court erred in
failing to conduct an inquiry.  Rodriguez, 329 S.W.3d at 78 (court would
not consider evidence brought to the trial court’s attention for first time in
motion for new trial in evaluating argument that trial court abused its
discretion in failing to conduct sua sponte competency inquiry).  There is no requirement that the trial court
conduct a competency inquiry after sentencing. 
See Tex. Code Crim. Proc. Ann arts. 46B.004, 46B.005.  Accordingly, assuming without deciding that
the trial court, under Aguilera, could have held an informal inquiry into
Garay’s competency after sentencing, we conclude the trial court did not abuse
its discretion by failing to do so. 

Conclusion

          We
affirm the judgment of the trial court.  

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Higley, Sharp, and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).