Opinion issued February 20, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00121-CR

———————————

**ROBERT ALVER LANSINK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Case No. 1647651

---

## MEMORANDUM OPINION

Found guilty by the jury of Class B misdemeanor theft[1] and sentenced by the trial court,[2] Robert Alver Lansink contends that the trial court erred by denying his motion for new trial that argued that his trial counsel's failure to cross-examine the arresting officer about the complainant's account of the incident was ineffective assistance. We affirm.

## Background

During the December 2009 Christmas shopping season, appellant went into a Fry's Electronics store carrying a Fry's shopping bag that contained two boxes. Without removing the boxes from the bag, he obtained a Personal Merchandise Tag ("PMT") for the bag from Frances Leal, a store employee, and walked onto the sales floor.[3]

At some point later, security officer Roderick Farrulla, who was watching the audio-video department's high-end merchandise aisle via closed circuit television surveillance, observed appellant kneel down and remove a Fry's

---

[1]  *See* TEX. PENAL CODE ANN. § 31.03(e)(2) (West Supp. 2005) (theft of property valued at $50 or more but less than $500).

[2]  Appellant was sentenced to 180 days' confinement and fined $2,000. The court suspended the sentence and placed appellant on community supervision for two years.

[3]  A Personal Merchandise Tag ("PMT") identifies merchandise/property that a customer brings into the store and typically includes the customer's name, the date and time of entry, property identifiers from the product itself (including model number, serial number, and color or other description of the property), and the name and associate number of the issuing employee.

2

shopping bag from two boxes that were on a display shelf. Farrulla notified Thai Vang, the store's loss prevention manager, about what he had witnessed. Vang, too, had seen appellant crouch down, remove a bag from the boxes, put the bag in his jacket pocket, and push the boxes further back onto the display shelf.[4] Soon thereafter, Vang saw a store employee, Timothy DeAngelo, roll up with a shopping cart with two new speakers in it. After placing several other items in the cart, appellant removed the Fry's bag from his jacket and placed it over the two new speakers. Appellant then went to the customer service department seeking a refund. Upon presentation of the PMT, the two unopened boxed speakers that DeAngelo had given him, and a Fry's sales receipt for two speakers appellant had previously purchased from another Fry's store, his credit card was credited $173.18. Once outside the store, Vang, Farrulla, and another service manager identified themselves, handcuffed appellant, and took him to the loss prevention office. While there, appellant refused to answer any questions and never

---

[4]     The exact sequence of events is unclear from the record. However, the jury heard evidence that appellant entered the sales floor with a shopping bag containing two speaker boxes and that Farrulla and Vang subsequently observed him crouched in the aisle as he removed a bag from boxes that were on a display shelf and then return the boxes to the shelf. Further, Farrulla testified that the following day he located the two empty boxes on the shelf in the aisle where he had observed appellant. From this evidence, the jury could have reasonably inferred that appellant had placed the bag in one of the boxes and put the empty boxes on the shelf before Farrulla and Vang first observed him. *See Hooper v. State*, 214 S.W.3d 9, 14–15 (Tex. Crim. App. 2007) (noting juries are permitted to make reasonable inferences from evidence presented at trial and circumstantial evidence is as probative as direct evidence in establishing guilt). Further, we note that appellant does not challenge the sufficiency of the evidence on appeal.

3

mentioned bringing merchandise into the store. Appellant did, however, tell Vang that his time was important and asked him how much it would cost to "fix the problem" or for the "allegations to be dropped." The loss prevention officers subsequently called the Webster Police Department.

When Webster Police Officer Clyde Pray arrived, appellant was seated and handcuffed in the loss prevention office. Officer Pray testified that the loss prevention employees told him that they had observed appellant remove something from the shelf, place it into a Fry's bag, and then seek credit for the item.[5] Appellant declined to give his account of the incident and Pray arrested appellant based on the information of the store personnel. The following day, Farrulla retrieved the two empty boxes from the store shelf and put them in the store's evidence locker.

After being found guilty at trial, appellant filed a motion for new trial which was denied after an evidentiary hearing.

**Discussion**

Appellant's sole issue contends that the trial court erred in denying his motion for new trial because trial counsel's failure to cross-examine Officer Pray about Vang's account of the incident was ineffective assistance. The State contends that appellant failed to meet his burden to prove either that his trial

---

[5] During cross-examination, Vang denied telling Officer Pray that he saw appellant taking merchandise off the shelf and returning it.

4

counsel's performance was deficient or that he was prejudiced by it because the facts he alleges his trial counsel failed to elicit in her cross-examination of Officer Pray were shown by other evidence in the record.

## Applicable Law

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984), and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Under this test, appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Lopez*, 343 S.W.3d at 137. Unless appellant can prove both prongs, trial counsel's representation will not be found ineffective. *Id.*

"[T]o satisfy the first prong, appellant must prove by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms." *Id.* To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id.* The constitutional right to counsel does not mean the right to errorless counsel. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim.

5

App. 1983). In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

We must make a "strong presumption that counsel's conduct [fell] within the wide range of reasonably professional assistance." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). In order for us to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Thompson*, 9 S.W.3d at 813. When such direct evidence is not available, an appellate court "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d 143. While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own. *Id.*

The standard of review for the denial of a motion for new trial based on an ineffective assistance claim is abuse of discretion. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). Under that standard, we examine whether the trial court's determinations were clearly wrong and outside the zone of reasonable disagreement. *See id.* Our review of the evidence at the hearing on a motion for new trial is made in the light most favorable to the trial court's ruling, presumes that all reasonable findings that the trial court could have made against the losing party were made, and we will reverse only if no reasonable view of the record

could support the trial court's ruling. *See Rodriguez v. State*, 329 S.W.3d 74, 81 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

## Analysis

Appellant's particular contention is that because the officer's testimony regarding the account Vang gave him prior to appellant's arrest (i.e., that Vang saw appellant remove two speakers from the shelf and return them for a refund) differed from Vang's trial testimony (i.e., he saw appellant remove a Fry's bag from the boxes that he had brought into the store, put the bag in his pocket, and push the boxes back onto a display shelf), the failure to explore the inconsistent accounts was a deficient performance.

At the hearing on the motion for new trial, appellant, Officer Pray, and appellant's trial counsel, Monique Sparks, testified. Officer Pray stated that his arrest was based on the information told to him by the store's loss prevention officers on the night of the incident, and they never told him that appellant entered the store with boxes. Asked at the hearing why she did not question the officer on the employees' account to him about the boxes, she testified:

> Q:    There wasn't any strategic reason for you not to ask Officer Pray those questions, right?
>
> A:    It was trial strategy.
>
> Q:    Okay. I'm sorry, what was the trial strategy?
>
> A:    I didn't think he was a helpful witness.

7

. . . .

Q:      And you didn't – you didn't establish that if something wasn't in [his] report that he wasn't told it?

A:      I don't remember.  But I do remember him being nonchalant and unhelpful.

Q:      All right.  And so talk to me.  Talking about the strategy, what was your concern that Officer Pray would do if you started to ask him about his practices in writing offense reports?

A:      Well, it wasn't his practice about writing offense reports.  He seemed very uninvolved in this case.

Appellant argues that Sparks's decision not to cross-examine Officer Pray regarding these facts because she did not think him to be a helpful witness is no strategy at all, or alternatively, not a valid one.  We disagree.  The scope of trial counsel's cross-examination of an adverse witness is inherently a matter of trial strategy.  *See Ex parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005) ("Cross-examination is inherently risky, and a decision not to cross-examine a witness is often the result of wisdom acquired by experience in the combat of trial. . . . Furthermore, cross-examination is an art, not a science and it cannot be adequately judged in hindsight.").  A decision not to cross-examine a witness can frequently be considered sound trial strategy.  *See Miniel v. State*, 831 S.W.2d 310, 323–24 (Tex. Crim. App. 1992).  Here, Sparks's testimony that she determined that the officer was not a helpful witness affirmatively demonstrates that counsel's

8

decision was a strategic one. *See Lopez*, 343 S.W.3d at 142 (noting that appellate courts "must not engage in retrospective speculation"). As such, appellant has failed to satisfy the first prong under *Strickland*.

Further, appellant has failed to show that there is a reasonable probability that the result of the proceeding would have been different. *See Lopez*, 343 S.W.3d at 137. The facts about which appellant complains trial counsel failed to cross-examine Officer Pray were shown by other evidence in the record. At trial, Officer Pray testified that when he arrived at the store, the loss prevention employees advised him that appellant had removed something from the shelf, placed it into his bag, and then returned it for a refund. Vang testified that he did not initially tell Officer Pray that appellant entered the store with boxes because the store employees did not discover the empty boxes until later and Vang determined that these were empty boxes appellant had brought to the store. Vang conceded that his report to the officer was never supplemented to inform him of the boxes.

On cross-examination, and contrary to Officer Pray's testimony, Vang expressly denied telling the officer that he saw appellant remove boxes from the shelf and return them. Further, during Vang's cross-examination, trial counsel asked him, "Because, according to your original story, [appellant] just took boxes off the shelf and refunded them, then that's one thing. If he brought in boxes of speakers and returned them, that's a whole other thing." Thus, trial counsel made

9

clear that Vang's original account to Officer Pray differed from his testimony at trial. Counsel is not ineffective for failing to present cumulative evidence. *See Tutt v. State*, 940 S.W.2d 114, 121 (Tex. App.—Tyler 1996, pet. ref'd) (concluding that trial counsel's failure to call witnesses at trial where their testimony would have been cumulative of other witnesses' testimony did not constitute ineffective assistance of counsel claim); *see also Meek v. State*, No. 14-02-01024-CR, 2003 WL 22232670, at *3 (Tex. App.—Houston [14th Dist.] Sept. 30, 2003, pet. ref'd) (not designated for publication) (finding ten letters and accompanying contracts were cumulative evidence where trial counsel had submitted forty prior contracts and thus would not support defendant's ineffective assistance claim).

Based on the record before us, appellant has not rebutted the strong presumption that his trial counsel's performance was within the range of reasonable professional assistance. *See Lopez,* 343 S.W.3d at 142; *Robertson*, 187 S.W.3d at 483; *Thompson*, 9 S.W.3d at 813. Nor has appellant demonstrated that but for his trial counsel's alleged deficiency, there is a reasonable probability that the result of the trial would have been different. *See Lopez*, 343 S.W.3d at 137. We conclude that the trial court did not abuse its discretion when it denied appellant's motion for new trial. Accordingly, we overrule appellant's sole issue.

10

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

11