Affirmed and Memorandum Opinion filed August 25, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00525-CR

___________________

 

WillIAm Howard Cave, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 7

Harris County,
Texas



Trial Court Cause No. 1619724

 



 

 

MEMORANDUM OPINION

Appellant, William Howard Cave, was convicted of
operating a motor vehicle in a public place while intoxicated.  He entered into
a plea agreement for punishment of 180 days’ confinement, probated for one
year, and a fine of $500.  Appellant contends his trial attorney provided
ineffective assistance of counsel and the trial court erred in denying his
motion for new trial.  We affirm.

FACTUAL AND
PROCEDURAL BACKGROUND

At approximately 1:00 a.m. on August 10, 2009,
Officer Juan Rincon of the Houston Police Department (“HPD”) initiated a
traffic stop because he believed appellant was speeding.  Officer Rincon
noticed appellant had poor balance as he dismounted his motorcycle.  Officer
Rincon testified appellant’s breath smelled of alcohol, his eyes were bloodshot,
and his speech was slurred; on cross examination, however, he acknowledged he
did not note those observations on his police report.  Officer Rincon also
stated that appellant’s balance continued to be unsteady throughout the traffic
stop.

As a result of these factors, Officer Rincon
explained that he suspected appellant was drunk and asked appellant to perform
field sobriety tests.  Appellant consented to perform the horizontal gaze
nystagmus (“HGN”), which is a test to see if there is “involuntary jerking of
the eyes” when they follow a stimulus like a pen or finger.  The HGN test has
six “clues” to determine if someone might be under the influence of alcohol or
narcotics.  Officer Rincon testified that appellant’s HGN test showed the
presence of all six signs of intoxication.  He also stated that head injuries
and certain mental disorders can cause involuntary jerking of eyes, but in
those cases there is also a failure of the person’s pupils to show “equal tracking”
and “equal pupil size.”  Officer Rincon explained appellant’s eyes tracked
equally and had equal pupil size.

After completing the HGN test, Officer Rincon
requested appellant perform two other field sobriety tests known as the “one
leg stand” and the “walk and turn” tests.  Appellant refused to do either and
also declined to take a Breathalyzer exam.  As a result, Officer Rincon
arrested appellant.  Officer Rincon testified that upon arrest, appellant
became belligerent.

Appellant was transported to “Central Intox,”[1] where Officer Jose
Aguilar of the HPD met him.  Officer Aguilar testified appellant was
belligerent and disrespectful throughout the encounter.  Officer Aguilar also
explained that he smelled alcohol on appellant’s breath and appellant’s eyes
were bloodshot and glassy.  Officer Aguilar requested that appellant perform
all field sobriety tests, but appellant refused.  He also declined breath,
blood, and urine exams to test for alcohol in his body.  The jury saw portions
of a videotaped recording of appellant’s behavior at Central Intox.

Officer Aguilar also testified that HGN is caused by
alcohol and certain narcotics.  He stated categorically that diabetes, a prior
concussion, injuries to the leg, hip, or knee, fatigue, the presence of contact
lenses or the fact that someone has undergone LASIK surgery will not cause a
failure on the HGN test.

Appellant’s chiropractor testified that appellant
suffered injuries as a result of falling off a ladder.  The chiropractor
explained the unsteady balance that Officer Rincon witnessed was a result of
that event.  The chiropractor also stated there “would be times [appellant]
could [physically perform the one leg stand] and times he couldn’t.”  

Appellant testified he drank one beer that night, but
he also helped change a keg of beer.  Two other witnesses testified that they
had only seen appellant drink one beer.  They also stated appellant had changed
a keg and the beer in the keg had spilled onto his clothing.  

The jury found appellant guilty and appellant entered
into a plea agreement for sentencing on May 5, 2010.  

On July 13, 2010, the trial court held a hearing on
appellant’s motion for new trial.  Appellant submitted an affidavit from an
optometrist named Dr. Larry Cohen, who stated that several parts of Officers
Rincon and Aguilar’s testimony was factually incorrect.  Dr. Cohen asserts,
among other things, that “hypertension, high degrees of myopia, cataracts and
inner ear disorders all contribute to nystagmus.”  He also contends appellant
has an inner ear disorder and “early cataract formation” that could cause
“natural nystagmus.”  Dr. Cohen also explained that appellant had LASIK surgery
causing “dry eye” which make it difficult to track objects as a required in an
HGN test.  As a result, appellant argued he should have a new trial to bring
Dr. Cohen’s testimony to a jury.  

The trial court denied appellant’s motion.  Appellant
brought his case to this court, arguing: (1) his trial counsel provided him
with ineffective assistance of counsel by failing to investigate the causes of
HGN; and (2) the trial court erred by denying his motion for new trial.

DISCUSSION

I.                  
Did Trial Counsel Provide Ineffective Assistance of Counsel?

           Appellant
contends his trial counsel failed to meet professional standards because the
attorney failed to investigate why appellant failed the HGN test.

A.     Standard
of Review

In reviewing claims of ineffective assistance of
counsel, we apply a two-prong test.  See Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005) (citing Strickland v. Washington, 466
U.S. 668, 687 (1984)).  To establish ineffective assistance of counsel,
appellant must prove by a preponderance of the evidence that (1) his trial
counsel’s representation was deficient to the point it fell below standards of
prevailing professional norms, and (2) there is a reasonable probability that,
but for counsel’s deficiency, the result of the trial would be different.  Id. 
A reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

An accused is entitled to reasonably effective
assistance of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim.
App. 1983).  When evaluating a claim of ineffective assistance, the appellate
court looks to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  There is a strong presumption that counsel’s actions and
decisions were reasonably professional and motivated by sound trial strategy.  See
Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d 198, 208
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  To overcome the presumption
of reasonably professional assistance, any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson, 9 S.W.3d at 813.  When
determining the validity of an ineffective assistance of counsel claim, any
judicial review must be highly deferential to trial counsel and avoid the
deleterious effects of hindsight.  Ingraham v. State, 679 S.W.2d 503,
509 (Tex. Crim. App. 1984).  When the record is silent as to the reasons for
counsel’s conduct, as in this case, a finding that counsel was ineffective
would require impermissible speculation by the appellate court.  Stults, 23
S.W.3d at 208.  Absent specific explanations for counsel’s decisions, a record
on direct appeal will rarely contain sufficient information to evaluate an
ineffective assistance claim.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).

B.      Analysis

Appellant acknowledges that there is no case law
stating that ineffective assistance of counsel occurs when a criminal defense
attorney fails to investigate medical causes for failure of an HGN test. 
Instead, he brings this court’s attention to an attorney’s obligation to make a
reasonable investigation into the facts of any case.  Wiggins v. Smith,
539 U.S. 510, 521-22 (2003); Ex Parte Briggs, 187 S.W.3d 458, 469 (Tex.
Crim. App. 2005).  

On the facts presented, however, we have no ability
to determine whether appellant’s trial counsel made an appropriate inquiry.  We
do not have any information to indicate whether trial counsel asked about
appellant’s medical conditions.  Nor does the record include any information
about whether the appellant responded to questions, if any, about his medical
health.  It is also possible that trial counsel made inquiries with other
experts about the possibility of medical conditions causing HGN, but received
an answer that only alcohol or narcotics could cause a person to fail an HGN
test.

As a result, we conclude appellant has failed to meet
his burden of showing the alleged ineffectiveness in the record.  Thompson,
9 S.W.3d at 813.  We refuse to speculate about the reasons for the trial
counsel’s conduct.  Stults, 23 S.W.3d at 208.  We therefore presume that
trial counsel both investigated and conducted the trial according to
professional norms.  See Salinas, 163 S.W.3d at 740; Stults v. State,
23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  We
overrule appellant’s first issue. 

II.              
Did the Trial Court Err By Denying Appellant’s Motion for New
Trial?

Appellant presented this second issue, but did not
brief it separately.  We construe his argument to state that because his
counsel was ineffective, the trial court should have granted a new trial to
allow appellant to present his new argument regarding the HGN test.

A.     Standard
of Review

We review the denial of a motion
for new trial for an abuse of
discretion. Rodriguez v. State, 329 S.W.3d 74, 81 (Tex.App.-Houston
[14th Dist.] 2010, no pet.). The test for abuse of discretion “is not whether,
in the opinion of the reviewing court, the facts present an appropriate case
for the trial court's action; rather it is a question of whether the trial
court acted without reference to any guiding rules or principles, and the mere
fact that a trial court may decide a matter within its discretionary authority
differently than an appellate court does not demonstrate such abuse. State
v. Herndon, 215 S.W.3d 901, 907–08 (Tex.Crim.App.2007) (quoting Howell
v. State, 175 S.W.3d 786, 792 (Tex.Crim.App.2005)). We do not substitute
our judgment for that of the trial court. Holden v. State, 201 S.W.3d
761, 763 (Tex.Crim.App.2006). We review the evidence in the light most
favorable to the trial court's ruling and presume that all reasonable findings
that could have been made against the losing party were so made. Id.
Only when no reasonable view of the record could support the trial court's
ruling do we conclude that the trial court abused its discretion by denying the
motion for new trial. Id.

B.      Discussion

We previously determined appellant failed to show
that trial counsel provided ineffective assistance of counsel.  Consequently,
we do not find that the trial court abused its discretion by denying
appellant’s claim for a new trial.  Rodriguez, 329 S.W.3d at 81.  

 

CONCLUSION

Having overruled each of appellant’s points of error,
we affirm the trial court’s judgment.  

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] The formal name and
location of “Central Intox” is not in the record.